IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBERLY-CLARK WORLDWIDE, INC., | : | |
| Plaintiff | : | |
| vs. | : | CIVIL NO. 1:CV-09-1685 |
| | : | (Judge Caldwell) |
| FIRST QUALITY BABY PRODUCTS, LLC, FIRST QUALITY PRODUCTS, INC., FIRST QUALITY RETAIL SERVICES, LLC, FIRST QUALITY HYGIENIC, INC., | : | (Magistrate Judge Carlson) |
| Defendants and Counterclaim Plaintiffs | : | |
| vs. | : | |
| KIMBERLY-CLARK CORPORATION, KIMBERLY-CLARK WORLDWIDE, INC., KIMBERLY-CLARK GLOBAL SALES, LLC,: Counterclaim Defendants | : | |

*M E M O R A N D U M*

*I.     Introduction*

Presently before the court is First Quality's motion to compel discovery pursuant to Rule 37 of the Federal Rules of Civil Procedure seeking production of all test data on which Kimberly-Clark ("KC") relies to support its claims of patent infringement, and all documents that support or refute said test data.  In support of its motion, First Quality argues that the testing data and related documents are not protected by the attorney-client privilege nor as attorney work product.  In addition, even if a privilege applies, First Quality contends that KC waived any privilege by disclosing and relying on

the information in its infringement contentions.  Finally, claiming a substantial need for the materials, First Quality argues that attorney work product immunity should not apply.  After review of the parties' submissions, we will deny the motion.

*II.        Discussion*

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that any party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  It is well settled that Rule 26 establishes a liberal discovery policy.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978).  As a result of this liberal discovery policy, the burden of demonstrating the existence of a privilege and that it has not been waived rests on the party asserting the privilege.  *In re Grand Jury (OO-2H),* 211 F.Supp.2d 555, 557 (M.D. Pa. 2001)(Judge Rambo).  Likewise, the party claiming work product immunity bears the burden of showing that "the materials in question 'were prepared in the course of preparation for possible litigation.'"  *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000).  Here, in both instances, the burden rests on KC.

Communications are protected under the attorney-client privilege when "(1) the legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his insistence permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection may be waived."  *In re Impounded*, 241 F.3d 308, 316 n.6 (3d Cir. 2001).

The work product doctrine, in turn, is governed by Rule 26(b)(3) of the Federal Rules of Civil Procedure, which provides that:

> (A) *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
>
> (B) *Protection Against Disclosure.* If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Fed.R.Civ.P. 26(b)(3).   Generally, "voluntary disclosure to one's adversary of documents protected by the work-product privilege waives the privilege." *Montgomery County v. MicroVote Corp.*, 175 F.3d 296, 304 (3d Cir. 1999)(citing *Westinghouse v. Republic of the Philippines*, 951 F.2d 1414, 1424 (3d Cir. 1991)).

The test for determining whether a document was prepared in anticipation of litigation is "where in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252, 1258 (3d Cir. 1993).  Courts generally divide this test into two prongs: the documents were prepared (1) at a time when litigation was reasonably foreseeable; and

(2) primarily for the purpose of litigation. *See United States v. Rockwell International*, 897 F.2d 1255, 1266 (3d Cir. 1990); *see also Muse-Freeman v. Bhatti*, No. 07-3638, 2008 WL 2165147, at *1 (D.N.J. May 21, 2008). However, the Third Circuit makes clear that the materials must be prepared in anticipation of litigation, and not in the ordinary course of business. *Id.* Otherwise, the privilege does not apply. *Id.*

Here, the testing data and related documents in question are not protected by the attorney-client privilege. As we previously indicated, KC carries the burden of showing the materials are covered by the privilege. In this instance, KC fails to sufficiently demonstrate that the testing materials in question were confidential communications between attorney and client.

Nevertheless, the materials in question are protected as attorney work product prepared in anticipation of litigation. In support of its position, KC offers the declaration of H. Michael Kubicki, counsel for KC since 2001. In his declaration, Mr. Kubicki states, under penalty of perjury, that the materials at issue were made in anticipation of litigation between KC and First Quality. In addition, the submitted privilege logs show that testing data was prepared during a time when litigation was contemplated. (*See* doc. 298.) In fact, First Quality filed its original declaratory judgment action a mere eight months after KC received its first product analysis results. *See First Quality Baby Prods., LLC v. Kimberly-Clark Worldwide, Inc.*, No. 09-0354, 2009 WL 1675088 (M.D. Pa. June 15, 2009); (doc. 298.) In light of these facts, we conclude that the information in

question was prepared in anticipation of litigation.  Thus, the attorney work product privilege applies to the materials.

In spite of this, we conclude that KC will be deemed to waive attorney work product protection if it relies upon and discloses the testing data at issue in support of its infringement contentions.  Indeed, First Quality argues that KC has already relied on the testing data by employing the material in its preliminary infringement contentions.  However, preliminary infringement contentions provide notice of the accusing party's specific infringement theories, and are not considered evidence.  *Fast Memory Erase, LLC v. Spansion, Inc.*, No. 08-977, 2009 WL 4884091, at *2 (N.D. Tex. Dec. 16, 2009).  Thus, KC using testing data to put First Quality on notice is not relying on the materials as evidence in support of its infringement theories.  However, like the court in *Tillotson Corporation v. Shijiazhaung Hongray Plastic Products, LTD.*, 244 F.R.D. 683, 693 (N.D. Ga. 2007), we conclude that if KC relies on the testing data at issue as evidence to support its infringement claims, justice requires that First Quality has a right to the material in order to defend itself.  Thus, in such a situation if KC actually relies upon this data, First Quality will have shown a substantial need for the testing information and disclosure would be required.  Likewise, by voluntarily disclosing the materials in such a situation, KC would be waiving the privilege.

*III.*        *Conclusion*

Based on the preceding, and to the extent that KC relies on the factual information acquired from any testing, we conclude that plaintiff must disclose that

information even if it requires separating mental impressions from factual information. However, we will not require KC to produce the materials in question unless it relies on that information to support its infringement claims or will use said data in the future. We will afford KC fourteen (14) days from the date of this order to determine whether it will rely on the testing data in support of its claims. If it chooses to rely on the data, KC will have ten (10) days thereafter to disclose the information to First Quality. Nonetheless, if KC chooses not to rely on the testing data and then thereafter attempts to use said data in any manner against First Quality, we will not allow such evidence to be admitted.

We will issue an appropriate order.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIMBERLY-CLARK WORLDWIDE, INC.,  :

    Plaintiff            :

    vs.              :  CIVIL NO. 1:CV-09-1685

                  :  (Judge Caldwell)
FIRST QUALITY BABY PRODUCTS, LLC,
FIRST QUALITY PRODUCTS, INC.,    :  (Magistrate Judge Carlson)
FIRST QUALITY RETAIL SERVICES, LLC,
FIRST QUALITY HYGIENIC, INC.,    :
    Defendants and
    Counterclaim Plaintiffs  :

    vs.              :

KIMBERLY-CLARK CORPORATION,    :
KIMBERLY-CLARK WORLDWIDE, INC.,
KIMBERLY-CLARK GLOBAL SALES, LLC,:
    Counterclaim Defendants

*O R D E R*

    AND NOW, this 3rd day of November, 2010, upon consideration of First Quality's motion to compel (doc. 263), and pursuant to the accompanying Memorandum, it is ordered that:

    1.  The motion to compel is denied.

    2.  Plaintiff is afforded fourteen (14) days from the date of this order to determine whether it will rely on the testing data in support of its claims and report its decision to the court.

    3.  If plaintiff chooses to rely on the data, it will have ten (10) days thereafter to disclose its test results to defendants.

    4. Failure to comply with this order will result in mandatory disclosure, and any later attempt to rely on said testing data will not be allowed.

                                        <u>/s/ Martin C. Carlson</u>
                                        Martin C. Carlson
                                        United States Magistrate Judge