IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIMBERLY-CLARK WORLDWIDE, INC.,   :

    Plaintiff                    :

    vs.                          :   CIVIL NO. 1:CV-09-1685

                              :

FIRST QUALITY BABY PRODUCTS, LLC,
FIRST QUALITY PRODUCTS, INC.,     :
FIRST QUALITY RETAIL SERVICES, LLC,
FIRST QUALITY HYGIENIC, INC.,       :
    Defendants and
    Counterclaim Plaintiffs      :

    vs.                          :

KIMBERLY-CLARK CORPORATION,   :
KIMBERLY-CLARK WORLDWIDE, INC.,
KIMBERLY-CLARK GLOBAL SALES, LLC,:
    Counterclaim Defendants

*M E M O R A N D U M*

*I.*    *Introduction*

    Presently before the court are plaintiff Kimberly-Clark Worldwide, Inc.'s ("KC") motions to strike, dismiss, sever and transfer, or in the alternative sever and stay defendants', First Quality Baby Products, LLC, First Quality Products, Inc., First Quality Retail Services, LLC, and First Quality Hygienic, Inc. (collectively "First Quality"), counterclaims I-VII. For the following reasons, we will grant KC's motion to strike in part, without reaching the merits of its other motions.

*II.*    *Background*

    This controversy originally began in February 2009 when defendants filed a complaint in this court seeking declaratory judgment of invalidity and noninfringement of

the Kuepper Patent. KC moved for dismissal arguing that we lacked subject matter jurisdiction. We agreed and dismissed the case. *See First Quality Baby Prods., LLC v. Kimberly-Clark Worldwide, Inc.*, No. 09-0354, 2009 WL 1675088 (M.D. Pa. June 15, 2009). Prior to our dismissal, however, KC filed a patent infringement action in the United States District Court for the Northern District of Texas. On August 31, 2009, this case was transferred to this court.

On February 12, 2010, KC submitted a motion seeking leave to file a second amended complaint. KC's proposed amendment included the same allegations against all the defendants, but also sought to add a new defendant, First Quality Hygienic, Inc., add allegations of inducement and/or contributory infringement in Count I, add allegations of willful infringement to Counts III and IV, and finally include additional allegedly infringing products under Counts VI, VII, VIII, and X. We granted leave and the second amended complaint was deemed filed on May 5 ,2010.

On July 26, 2010, First Quality filed an answer wherein it alleged numerous additional facts that were not present in its original answer nor its answer to the amended complaint. In addition, First Quality alleged, for the first time, seven new counterclaims. Subsequently, KC filed the instant motions.

III.     Discussion

Federal Rule of Civil Procedure 12(f) provides that a court may, on its own or on motion by a party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f).

Federal Rule of Civil Procedure 15 governs amendments to pleadings. It provides, in relevant part, that:

> A party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to

>       which a responsive pleading is required...In all other cases, a
>       party may amend its pleading only with the opposing party's
>       written consent or the court's leave.  The court should freely
>       give leave when justice so requires.  Unless the court orders
>       otherwise, any required response to an amended pleading
>       must be made within the time remaining to respond to the
>       original pleading or within 14 days after service of the
>       amended pleading, whichever is later.

Fed.R.Civ.P. 15(a).  Generally, we should allow an amended pleading unless the party seeking amendment has exhibited "undue delay, bad faith or dilatory motive;" "repeated failure to cure deficiencies by amendments previously allowed;" or if there is "undue prejudice to the opposing party by virtue of allowance of the amendment...." *Kibbie v. BP/Citibank*, No. 08-1804, 2009 WL 2950365, at *9 (M.D. Pa. Sept. 9, 2009)(quoted case omitted).

      First Quality first argues that its answer to the second amended complaint is not an amended pleading, but rather an original answer to a new complaint.  This is simply not true.  Defendant's answer to KC's second amended complaint contains seven new antitrust and fraud claims as well as new factual allegations that did not appear in its answer to KC's amended complaint.  Since First Quality's answer contains new allegations and counterclaims that were not originally pleaded in both its answer to the original complaint nor its answer to the amended complaint, this answer represents a new pleading that is subject to Rule 15.

      The Third Circuit has not addressed the specific issue before us: whether a defendant has a right to plead additional counterclaims when responding to an amended complaint.  *See QRG, Ltd. v. Nartron Corporation,* No. 06-1777, 2007 WL 1202967 (M.D. Pa. Apr. 23, 2007)(addressing the same issue).  In the absence of guiding Third Circuit precedent, First Quality contends that this district adopted an approach that permits defendants to always bring new counterclaims regardless of the scope of a new amended complaint.  (doc. 314 at 42.)  In support, defendant principally relies on

*Municipal Revenue Servs., Inc. v. Xspand, Inc.*, No. 05-671, 2006 WL 91358 (M.D. Pa. Jan. 12, 2006).  In that case, however, Judge Jones allowed amendment, but he did so in the absence of a showing of prejudice.  *See Id.*  Here, KC claims prejudice.  Thus, we find that *Municipal Revenue* is not directly on point.

We find the approach employed by Judge Rambo in *QRG, Ltd.* is better suited to address the issue before us.  Accordingly, we will decide whether to strike First Quality's counterclaims based on the following considerations: (1) whether KC has established prejudice; (2) whether First Quality has sought leave of court; (3) whether First Quality has established oversight, inadvertence, or excusable neglect; and (4) whether justice requires allowing First Quality to add the counterclaims.  *QRG, Ltd.*, 2007 WL 1202967 at *3.[1]

On February 12, 2010, KC filed a motion seeking leave to file a second amended complaint.  We granted the motion concluding that:

> K-C alleges sufficient facts setting forth a claim that the defendants induced and/or contributed to infringement of U.S. Patent No. 5,496,298 found in Count I of the amended complaint. Likewise, K-C's amended claims for willful infringement are sufficiently pleaded to state a claim for relief. It is both possible and expected that in patent litigation a plaintiff may find through the discovery process additional products that it believes infringes its patents. Thus, the addition of two products to the list of potentially infringing products in Counts VI, VII, VIII and X does not prejudice the defendants. Finally, our scheduling order of October 29, 2009 contemplated and provided for amendment of the pleadings by February 12, 2010. K-C timely filed its motion to amend in compliance with our order. Since discovery is ongoing and

---

[1] At the time of Judge Rambo's decision in *QRG, Ltd.*, Federal Rule of Civil Procedure 13(f) specifically addressed the ability of a defendant to amend an answer to add new counterclaims.  At the time, the rule provided that "[w]hen a pleader failed to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment."  Fed.R.Civ.P. 13(f)(2006).  The 2009 amendments to the rules, however, abrogated Rule 13(f) in favor of making Rule 15(a) the sole rule governing counterclaims by amendment.  Fed.R.Civ.P. 13(f)(notes on 2009 amendments).  While Rule 13(f) no longer regulates this issue, we nevertheless find Judge Rambo's analytical framework appropriate in addressing this matter.

4

> trial on this matter is not scheduled to begin until August of
> 2011 at the earliest, we conclude that the defendants are not
> prejudiced by amendment of the complaint.

(doc. 192 at 2.)  Essentially, KC's second amended complaint did not materially broaden the scope of the litigation nor did it substantially delay disposition of this case to such an extent that First Quality was prejudiced.  Likewise, the second amended complaint does not provide any new legal basis that would trigger First Quality's antitrust and fraud counterclaims.  These facts alone may not be a sufficient basis to strike First Quality's counterclaims.

KC's arguments in favor of striking First Quality's new counterclaims also include prejudice, inexcusable delay, bad faith, and failure to seek leave of court to file its new allegations.  First Quality counters by arguing that KC is not prejudiced since it was aware, through discussions between counsel, that First Quality would bring these claims.  In addition, First Quality maintains that when KC filed its second amended complaint, it essentially opened the door to any new responses, defenses, or counterclaims.

At the outset, we note that First Quality, presumably because of its position on this issue, has not sought leave of the court to bring its counterclaims, nor has it argued that justice requires that leave should be given.  We are troubled by this fact because it is evident that the answer at issue represents an amended pleading that requires leave of court to file.  However, we will not strike the counterclaims on this ground alone.  Instead, we will also consider the surrounding facts and circumstances to determine whether prejudice, inexcusable delay, and bad faith outweigh granting First Quality leave to file the counterclaims.

KC argues that First Quality inexcusably delayed in asserting its counterclaims because of First Quality's failure to amend its pleading within the specified time frame, by failing to plead the claims in both its original answer and its answer to

5

KC's amended complaint, and finally by asserting them near the deadline for fact discovery.  As a threshold matter, KC's characterization of First Quality's delay in filing its answer to the second amended complaint is misleading.  First Quality was not required to file a response to the second amended complaint until such time as we granted KC leave to file said complaint, which we did on May 5, 2010.  First Quality filed its answer, after numerous motions for extension of time, on July 26, 2010.  Thus, we do not view First Quality's answer, while delayed, as being unreasonably delayed.  With respect to First Quality's waiting sixteen months after the start of this litigation to assert the counterclaims, it offers no reasonable excuse and we can see no reason why the claims could not have been brought earlier.  Based on these facts, we find inexcusable delay.

We agree with Kimberly Clark that adding First Quality's counterclaims will require additional, extensive discovery, as evidenced by defendant's request to extend fact discovery an additional six months.  First Quality's seven additional counterclaims are: (1) monopolization and maintaining a monopoly in violation of section 2 of the Sherman Act; (2) false patent marking in violation of 35 U.S.C. § 292; (3) false advertising in violation of section 43(a) of the Lanham Act; (4) violation of the New York Donnelly Act; (5) trade libel and product disparagement; (6) tortious interference with contract and prospective contractual relations; and (7) unfair competition and deceptive trade practices.  The legal and factual issues associated with these counterclaims far exceed the scope of KC's amendments, and are materially different than what is needed to show infringement or non-infringement.  Unlike KC's second amended complaint, some of First Quality's amendments will dramatically broaden the scope of this patent infringement action to such an extent that KC will be prejudiced.  We do find, however, that allowing First Quality to move forward with its false patent marking claim would not

cause severe delays because presumably some of the relevant discovery has already taken place and a new discovery schedule could minimize delays.

*IV.      Conclusion*

For the foregoing reasons we find that counterclaims I and III-VII should be stricken based on the prejudice that would be suffered by KC coupled with the inexcusable delay and failure of First Quality to seek leave to amend.  Accordingly, we will grant KC's motion to strike in part.  Furthermore, we conclude that counterclaim II, alleged false patent marking, will not be stricken or dismissed because it is sufficiently pleaded and related to the patent infringement claims so that KC will not be prejudiced by its remaining.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: December 21, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIMBERLY-CLARK WORLDWIDE, INC., :

      Plaintiff              :

      vs.                           :   CIVIL NO. 1:CV-09-1685

                                :

FIRST QUALITY BABY PRODUCTS, LLC,
FIRST QUALITY PRODUCTS, INC.,    :
FIRST QUALITY RETAIL SERVICES, LLC,
FIRST QUALITY HYGIENIC, INC.,     :
      Defendants and
      Counterclaim Plaintiffs   :

      vs.                           :

KIMBERLY-CLARK CORPORATION,  :
KIMBERLY-CLARK WORLDWIDE, INC.,
KIMBERLY-CLARK GLOBAL SALES, LLC,:
      Counterclaim Defendants

*O R D E R*

      AND NOW, this 21st day of December, 2010, upon consideration of plaintif's motions, and pursuant to the accompanying Memorandum, it is ordered that:

      1. Plaintiff's motion to strike (doc. 270) is granted in part, and denied in part.

      2. First Quality's counterclaims I and III-VII are stricken.

      3. Plaintiff's motion to dismiss (doc. 270) is denied in part and the remainder dismissed as moot.

      4. Plaintiff's motion to sever and transfer, or in the alternative sever and stay (doc. 272) is dismissed as moot.

      5. All fact discovery shall be completed by February 21, 2011.

      6. Dispositive motions shall be filed by May 31, 2011.

                                      /s/William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge