IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIMBERLY-CLARK WORLDWIDE, INC.,  :

    Plaintiff  :

    vs.  :  CIVIL NO. 1:CV-09-1685

    :

FIRST QUALITY BABY PRODUCTS, LLC,
FIRST QUALITY PRODUCTS, INC.,  :
FIRST QUALITY RETAIL SERVICES, LLC,
FIRST QUALITY HYGIENIC, INC.,  :
    Defendants and
    Counterclaim Plaintiffs  :

    vs.  :

KIMBERLY-CLARK CORPORATION,  :
KIMBERLY-CLARK WORLDWIDE, INC.,
KIMBERLY-CLARK GLOBAL SALES, LLC,:
    Counterclaim Defendants

*M E M O R A N D U M*

    Presently before the court is First Quality's motion for reconsideration of our order of December 21, 2010, which struck defendants' antitrust counterclaims.

    We possess the authority to revise our interlocutory orders "when it is consonant with justice to do so." *See United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973); *Alea N. Am. Ins. Co. v. Salem Masonry Co.*, 301 Fed. Appx. 119, 121 (3d Cir. 2008)(nonprecedential)(citing *Jerry*). A motion for reconsideration, however, "cannot be used simply to reargue theories on which the court has already ruled," *St. Mary's Water Auth. v. St. Paul Fire & Marine Ins. Co.*, No. 1:CV-04-1593, 2007 WL 1412240, at *1 (M. D. Pa. May 11, 2007)(Caldwell, J.), or to relitigate a point of disagreement with the court, *see Abu-Jamal v. Horn*, No. 99-5089, 2001 WL 1609761 (E.D. Pa. Dec. 18, 2001). Likewise, it cannot be used "to introduce new evidence, tender new legal theories, or

raise arguments which could have been offered or raised prior to entry" of the order. *St. Mary's Water Auth.*, 2007 WL 1412240 at *1 (in the context of a Rule 59(e) motion). In other words, a litigant's motion cannot be an attempt at a "second bite at the apple." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995).

First Quality proposes several arguments, detailing how we erred and failed to consider certain facts, in support of its motion. Many of these arguments concern matters we addressed and rejected in our memorandum opinion, and we will therefore not address them again here. However, First Quality's argument concerning the possibility that its counterclaims represent compulsory counterclaims, while not raised in its brief opposing plaintiff's motion to strike, merits further discussion.

Rule 13(a) of the Federal Rules of Civil Procedure provides: "A pleading must state as a counterclaim any claim that–at the time of its service–the pleader has against an opposing party if the claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and does not require adding another party over whom the court cannot acquire jurisdiction." Under Third Circuit law, to qualify as a compulsory counterclaim, "there need not be precise identity of issue and facts between the claim and the counterclaim; rather, the relevant inquiry is whether the counterclaim 'bears a logical relationship to an opposing party's claim.'" *TransAmerica Occidental Life Ins. Co. v. Aviation Office of America, Inc.*, 292 F.3d 384, 389 (3d Cir. 2002)(quoting *Xeros Corp. v. SCM Corp.,* 576 F.2d 1057, 1059 (3d Cir. 1978)). This "logical relationship" test is one of three tests employed by the Federal Circuit when determining whether a counterclaim is compulsory. *See Nasalok Coating Corp. v. Nylok Corp.*, 522 F.3d 1320, 1325 (Fed. Cir. 2008)(The court utilizes three tests: (1) whether the legal and factual issues are largely the same; (2) whether substantially the same evidence supports or refutes both; and (3) whether there is a logical relationship between

the claims.).  A logical relationship exists between the claims "where separate trials on each of the claims would involve a substantial duplication of effort and time by the parties and the courts."  *TransAmerica*, 292 F.3d at 390.  The objective of Rule 13(a) is to promote judicial economy, thus the term "transaction or occurrence" is construed liberally.  *Id.*

After review, we agree with First Quality that some of its counterclaims are compulsory counterclaims when analyzed under the logical relationship test.  We reach this conclusion based on allegations found in First Quality's answer to Kimberly-Clark's second amended complaint, namely, but not exclusively, that: (1) plaintiff procured one of the patents-in-suit through fraud on the Patent Office; (2) plaintiff has attempted to enforce this fraudulently obtained patent; and (3) that plaintiff fabricated evidence in order to enforce one of the patents-in-suit.  (doc. 248, ¶¶ 35-58.)  These and other allegations represent a logical connection between plaintiff's infringement action and First Quality's antitrust claims.

Based on the above conclusion and applying the standard found in *QRG, Ltd. v. Nartron Corporation,* No. 06-1777, 2007 WL 1202967 at *3 (M.D. Pa. Apr. 23, 2007)((1) whether KC has established prejudice, (2) whether First Quality has sought leave of court, (3) whether First Quality has established oversight, inadvertence, or excusable neglect, and (4) whether justice requires allowing the counterclaims), we will vacate our previous order and reinstate First Quality's counterclaims.  While we remain cognizant of the timing of First Quality's amendments and the prejudice that plaintiff may suffer having to defend these antitrust claims, we believe the compulsory nature of the counterclaims outweighs all other factors and that the interests of justice demand that defendants be given an opportunity to adjudicate their claims.

3

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: February 24, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIMBERLY-CLARK WORLDWIDE, INC.,  :

    Plaintiff     :

    vs.     :   CIVIL NO. 1:CV-09-1685

        :
FIRST QUALITY BABY PRODUCTS, LLC,
FIRST QUALITY PRODUCTS, INC.,   :
FIRST QUALITY RETAIL SERVICES, LLC,
FIRST QUALITY HYGIENIC, INC.,   :
    Defendants and
    Counterclaim Plaintiffs   :

    vs.     :

KIMBERLY-CLARK CORPORATION,   :
KIMBERLY-CLARK WORLDWIDE, INC.,
KIMBERLY-CLARK GLOBAL SALES, LLC,:
    Counterclaim Defendants

*O R D E R*

AND NOW, this 24th day of February, 2011, upon consideration of defendants' motion for reconsideration (doc. 351), it is ordered that:

    1. Defendants' motion is granted.

    2. Our order of December 21, 2010 (doc. 348) is vacated.

    3. Plaintiff's motion to strike is denied.

    4. This case is removed from the August 2011 trial list. A new trial date will be scheduled when appropriate.

                      /s/William W. Caldwell
                      William W. Caldwell
                      United States District Judge