IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIMBERLY-CLARK WORLDWIDE, INC., :
    Plaintiff :
    vs. : CIVIL NO. 1:CV-09-1685
     :
FIRST QUALITY BABY PRODUCTS, LLC,
FIRST QUALITY PRODUCTS, INC., :
FIRST QUALITY RETAIL SERVICES, LLC,
FIRST QUALITY HYGIENIC, INC., :
    Defendants and
    Counterclaim Plaintiffs :
    vs. :
KIMBERLY-CLARK CORPORATION, :
KIMBERLY-CLARK WORLDWIDE, INC.,
KIMBERLY-CLARK GLOBAL SALES, LLC,:
    Counterclaim Defendants

*M E M O R A N D U M*

*I.    Introduction*

    Presently before the court is defendants' First Quality Baby Products, LLC, First Quality Products, Inc., First Quality Retail Services, LLC, and First Quality Hygienic, Inc. (collectively "First Quality") motion for summary judgment, seeking invalidity on the grounds of indefiniteness certain asserted claims of plaintiff Kimberly-Clark Worldwide, Inc.'s ("KC") U.S. Patent No. 5,147,343 ("Kellenberger Patent") and U.S. Patent No. 5,601,542 ("Melius Patent"). First Quality contends that asserted claims 1, 8, 9, 20, and 41 of the Kellenberger Patent and asserted claims 16, 18, 19, 22-24, 64, 65, 69, 71, 73, 74, 78, 79, 83, 84, and 88 of the Melius Patent are invalid because the claim terms "at least about" and "less than about," found in various combinations throughout the aforementioned patents, are indefinite. KC argues that summary judgment should be

denied because both terms are capable of construction, and thus are not insolubly ambiguous.

We will examine the motion under the well-established standard. *Lawrence v. City of Philadelphia*, 527 F.3d 299, 310 (3d. Cir. 2008). After careful review of the briefs and the record, we will grant defendants' motion.

*II.    Background*

The Kellenberger Patent concerns an absorbent composite or core for an absorbent article. More specifically, the absorbent composite consists of a matrix of fibers and superabsorbent material that is designed to absorb fluids, but dramatically reduce the thickness and weight of an absorbent article. Like the Kellenberger Patent, the Melius Patent also concerns absorbent articles containing superabsorbent material. Melius advances the technology of Kellenberger by increasing the concentration of superabsorbent within the absorbent composite. In addition, Melius discloses a method and procedure for evaluating superabsorbent materials

This controversy originally began in February 2009 when defendants filed a complaint in this court seeking declaratory judgment of invalidity and noninfringment of the Kuepper Patent. KC moved for dismissal arguing that we lacked subject matter jurisdiction. We agreed and dismissed the case. *See First Quality Baby Prods., LLC v. Kimberly-Clark Worldwide, Inc.*, No. 09-0354, 2009 WL 1675088 (M.D. Pa. June 15, 2009). Prior to our dismissal, however, KC filed a patent infringement action in the United States District Court for the Northern District of Texas. On August 31, 2009, KC's infringement action was transferred to this court.

On June 9, 2010, we held a claim construction hearing where both parties set forth their positions on the proper interpretation for disputed claim terms. During this

hearing and through accompanying briefs, we became aware of First Quality's contention that certain claim terms found in the Kellenberger and Melius Patents were invalid for indefiniteness. Based on First Quality's submissions, we concluded that its contentions had arguable merit, and we converted its request to the instant motion for summary judgment.

*III.     Discussion*

   *A.     Indefiniteness Principles*

A patent specification must "conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." 35 U.S.C. § 112, ¶ 2. The purpose of the definiteness requirement is to "ensure that the claims delineate the scope of the invention using language that adequately notifies the public of the patentee's right to exclude." *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347 (Fed. Cir. 2005). "A decision as to whether a claim is invalid under this provision requires a determination whether those skilled in the art would understand what is claimed." *Amgen, Inc. v. Chugai Pharm. Co., Ltd.*, 927 F.2d 1200, 1217 (Fed. Cir. 1991). The definiteness requirement does not demand absolute clarity. *Datamize*, 417 F.3d at 1347. "Only claims not amendable to construction or insolubly ambiguous are indefinite." *Id.* "Even if a claim term's definition can be reduced to words, the claim is still indefinite if a person of ordinary skill in the art cannot translate the definition into meaningfully precise claim scope." *Halliburton Energy Servs., Inc. v. M-I LLC*, 514 F.3d 1244, 1251 (Fed. Cir. 2008). In the final analysis, "[i]f one skilled in the art would understand the bounds of the claim when read in light of the specification, then the claim satisfies section 112, paragraph 2." *Exxon Research and*

*Engineering Co. v. United States*, 265 F.3d 1371, 1375 (Fed. Cir. 2001)(citing *Miles Labs., Inc. v. Shandon, Inc.*, 997 F.2d 870, 875 (Fed. Cir. 1993)).

In conducting our analysis, we must be mindful that a patent is presumed valid, 35 U.S.C. § 282, and this presumption can only be overcome by clear and convincing evidence. *Helifix Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339, 1346 (Fed. Cir. 2000); *see also Datamize*, 417 F.3d at 1348 (recognizing that clear and convincing evidence needed to show invalidity based on indefiniteness). To this end, general principles of claim construction apply when reviewing a claim for indefiniteness. *Datamize*, 417 F.3d at 1348.

### B. Claim Construction

Claim construction is a matter of law. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995)(en banc), *aff'd*, 517 U.S. 370, 116 S.Ct. 1384 (1996). "It is a 'bedrock principle' of patent law that 'the claims of a patent define the invention to which a patentee is entitled the right to exclude.'" *Phillips v. AWH Corp.,* 415 F.3d 1303, 1312 (Fed. Cir. 2005)(quoting *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.,* 381 F.3d 1111, 1115 (Fed. Cir. 2004)). The words of a claim are generally given their "ordinary and customary meaning." *Id.* (quoted case omitted). "[T]he ordinary and customary meaning of a claim term is the meaning that the term would have to a person of ordinary skill in the art...at the time of the invention." *Id.* at 1313. We determine this meaning primarily through intrinsic evidence, i.e. the claim language, the specification and the prosecution history. *See Power-One, Inc. v. Artesyn Technologies, Inc.*, 599 F.3d 1343, 1348 (Fed. Cir. 2010); *see also Phillips,* 381 F.3d at 1312-17 (defining intrinsic evidence); *Arlington Indus., Inc. V. Bridgeport Fittings, Inc.*, No. 01-0485, 2008 WL 542966, at *1 (M.D. Pa. Feb. 25, 2008). We may also consider extrinsic evidence, such as dictionaries, treatises, and expert testimony, to shed light on claim

4

construction, but such evidence "is less significant than the intrinsic record" and "is unlikely to result in a reliable interpretation of patent claim scope unless considered in the context of the intrinsic evidence." *Phillips*, 381 F.3d at 1317-19.

In some instances, the ordinary meaning of claim language "as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction...involves little more than the application of the widely accepted meaning of commonly understood words." *Id.* at 1314. A patentee, however, "may choose to be his own lexicographer and use terms in a manner other than their ordinary meaning, as long as the special definition of the term is clearly stated in the patent specification or file history." *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996). Thus, it is necessary for a court to review the specification to determine whether a patentee has used any terms in a manner different from their ordinary meaning. *Id.*

*C. Discussion*

1. *Kellenberger Patent*

Claim terms 1, 8, 9, 20, and 41 of the Kellenberger Patent contain the phrase "at least about 50%, by weight, of said superabsorbent material." U.S. Patent No. 5,147,343 (claims 8 and 9 provide "the superabsorbent material" instead of "said superabsorbent material"). In addition, claims 8 and 9 further provide, respectively, that the superabsorbent material "has a particle size of at least about 100 microns" and "has a particle size of at least about 150 microns." U.S. Patent No. 5,147,343, claims 8 and 9. KC argues that "at least about" should be construed to mean "equal to or greater than approximately." First Quality contends that the claim terms are indefinite because each term contains modifying language followed by a numeric value that prevents one skilled in the art from determining the scope of the claim terms. KC's proposes that "at least about" means "equal to or greater than approximately." KC argues that people skilled in

5

the art would readily understand the terms as words of approximation that are capable of being defined.

In support of its indefiniteness claims, First Quality principally relies upon three cases: *Amgen, Synthes v. Smith & Nephew, Inc.*, 547 F.Supp.2d 436 (E.D. Pa. 2008), and *Hamilton Products, Inc. v. O'Neill*, 492 F.Supp.2d 1328 (M.D. Fla. 2007). Confronted with language similar to that found in the Kellenberger Patent, such as "at least about," "less than approximately," "greater than approximately," or "less than about", the courts held such terms indefinite because the claims and evidence failed to clearly distinguish and circumscribe the metes and bounds of what was claimed by the patents. *See Amgen*, 927 F.2d at 1217-18 ("This holding [is]...supported by the fact that nothing in the [intrinsic evidence] provides any indication as to what range of specific activity is covered by the term "about"....); *Synthes*, 547 F.Supp.2d at 454-55 ("There is no evidence at all in the intrinsic evidence that the word "about," when applied to the ratio of studs-to-plate surface, has an accepted meaning."); *Hamilton Products*, 492 F.Supp.2d at 1340 (Claims terms did not meet the statutory requirement of particularity and distinctness in the claims because they do not distinguish what is claim from what came before in the prior art and do no clearly circumscribe what is foreclosed to future competitors.)

Here, we agree with First Quality that "at least about" does not sufficiently inform the public on what would infringe. KC is correct when it states that courts, including the Federal Circuit, have defined "about" to mean "approximately." (doc. 306 at 8); *E.g., Merck & Co., Inc. v. Teva Pharm. USA, Inc.*, 395 F.3d 1364, 1369-70 (Fed. Cir. 2005). However, this case concerns claims terms with additional modifying language of "at least." There is simply no intrinsic evidence that the word "about" coupled with "at

least" has an accepted meaning.[1] The specification also does not provide for a numerical range or a statistical deviation that would explain the scope of the claims. For example, a competitor has no way of knowing how far below 50% by weight would be considered infringing. Likewise, KC's expert's opinion is unhelpful because he fails to support his opinion with any intrinsic or extrinsic evidence that would indicate how he concluded that a person skilled in the art would readily understand the terms.

KC argues that this language "simply allows some flexibility in the analysis for the trier of fact to assess whether a particular weight percent...is covered by a claim." (doc. 306 at 14.) This argument however directly contradicts the purpose of the definiteness requirement, which demands that a claim term place the public on notice of what the patent excludes.

Consequently, we conclude that the claim terms described above for the Kellenberger Patent do not adequately inform the public of KC's right to exclude. Thus, claim terms 1, 8, 9, 20, and 41 are indefinite, and therefore invalid.

### 2. *Melius Patent*

Similar to the Kellenberger Patent, claims 18, 19, 65, 71, 74, 79, 84, and 88 of the Melius Patent also contain the phrase "at least about," and claims 16, 22-24, 64, 69, 73, 78, 83, and 88 contain the additional phrase "less that about." These terms include the above mentioned modifying language in conjunction with a numerical value, for example "having a Pressure Absorbency Index of at least about 110" or "a Vortex Time of less than about 45 seconds." U.S. Patent No. 5,601,542, Claim 71 & 69. KC contends that "at least about" means "less than approximately," and that "at least about"

---

[1] KC's reliance on language found in First Quality's patents that shows that First Quality has used claim terms such as "at least about" or "greater than about" is misplaced. This is nothing more than irrelevant extrinsic evidence that we will not consider. How First Quality chooses to draft its patent claims is outside the scope of this litigation.

means "equal to or greater than approximately." Offering the same arguments as before for the Kellenberger Patent, First Quality contends that this phrase is indefinite.

For the reasons explained under the Kellenberger Patent, we conclude that the above claims of the Melius Patant are invalid because they lack to necessary definiteness required by 35 U.S.C. § 112, ¶ 2. Like the Kellenberger Patent, the intrinsic evidence of the Melius Patent is devoid of any information that would allow a potential competitor to know what is exactly claimed by the patent. Likewise, the specification fails to provide for a numerical range or a statistical deviation that would explain the scope of the claims, such as how far below a 45 seconds Vortex Time is infringing. Finally, KC's expert once more fails to provide an evidentiary foundation for his conclusion that the terms are readily understandable to one skilled in the art. Thus, we conclude that claims 18, 19, 65, 71, 74, 79, 84, and 88 of the Melius Patent that contain the phrase "at least about," and claims 16, 22-24, 64, 69, 73, 78, 83, and 88 that contain the additional phrase "less that about," are indefinite, and therefore invalid.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: March 1, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIMBERLY-CLARK WORLDWIDE, INC., :

    Plaintiff                      :

    vs.                              :   CIVIL NO. 1:CV-09-1685

                                   :

FIRST QUALITY BABY PRODUCTS, LLC,
FIRST QUALITY PRODUCTS, INC.,    :
FIRST QUALITY RETAIL SERVICES, LLC,
FIRST QUALITY HYGIENIC, INC.,     :
    Defendants and
    Counterclaim Plaintiffs       :

    vs.                              :

KIMBERLY-CLARK CORPORATION,   :
KIMBERLY-CLARK WORLDWIDE, INC.,
KIMBERLY-CLARK GLOBAL SALES, LLC,:
    Counterclaim Defendants


## *O R D E R*

AND NOW, this 1st day of March, 2011, upon consideration of defendants'

motion for summary judgment (doc. 294), and pursuant to the accompanying

Memorandum, it is ordered that:

    1.  Defendants' motion for summary judgment is granted.

    2.  Claim terms 16, 18, 19, 22-24, 64, 65, 69, 71, 73, 74, 78, 79, 83, 84, and 88 of the Melius Patent are invalid as a matter of law.

    3.  Claim terms 1, 8, 9, 20, and 41 of the Kellenberger Patent are invalid as a matter of law.


                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge