IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY-CLARK WORLDWIDE, INC., : | |
|     Plaintiff : | |
|     vs. : | CIVIL NO. 1:CV-09-1685 |
| : | |
| FIRST QUALITY BABY PRODUCTS, LLC, | |
| FIRST QUALITY PRODUCTS, INC., : | |
| FIRST QUALITY RETAIL SERVICES, LLC, | |
| FIRST QUALITY HYGIENIC, INC., : | |
|     Defendants and | |
|     Counterclaim Plaintiffs : | |
|     vs. : | |
| KIMBERLY-CLARK CORPORATION, : | |
| KIMBERLY-CLARK WORLDWIDE, INC., | |
| KIMBERLY-CLARK GLOBAL SALES, LLC,: | |
|     Counterclaim Defendants | |

*M E M O R A N D U M*

*I.     Introduction and Background*

Presently before the court is plaintiff Kimberly-Clark Worldwide, Inc.'s ("KC") motion to sever and transfer, or in the alternative sever and stay defendants First Quality Baby Products, LLC, First Quality Products, Inc., First Quality Retail Services, LLC, and First Quality Hygienic, Inc.'s (collectively "First Quality") counterclaims I-VII.

On February 12, 2010, KC submitted a motion seeking leave to file a second amended complaint. KC's proposed amendment included the same allegations against all the defendants, but also sought to add a new defendant, First Quality Hygienic, Inc., add allegations of inducement and/or contributory infringement in Count I, add allegations of willful infringement to Counts III and IV, and finally include additional allegedly infringing products under Counts VI, VII, VIII, and X–Confidence Underwear

and Extra Absorbency.  We granted leave and the second amended complaint was deemed filed on May 5 ,2010.

On July 26, 2010, First Quality filed an answer wherein it alleged seven new counterclaims.  These seven additional counterclaims are: (1) monopolization and maintaining a monopoly in violation of section 2 of the Sherman Act; (2) false patent marking in violation of 35 U.S.C. § 292; (3) false advertising in violation of section 43(a) of the Lanham Act; (4) violation of the New York Donnelly Act; (5) trade libel and product disparagement; (6) tortious interference with contract and prospective contractual relations; and (7) unfair competition and deceptive trade practices.  In response, KC filed motions to strike, dismiss, sever and transfer, or in the alternative sever and stay defendants counterclaims I-VII.  We granted KC's motion to strike the counterclaims, concluding that First Quality did not seek leave of court before filing and asserting its new claims.  *See Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., LLC*, - - - F.Supp.2d - - - -, 2010 WL 5365650 (M.D. Pa. 2010).  However, on reconsideration, we vacated our order and denied KC's motion to strike.  *See Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., LLC*, No. CV-09-1685, 2011 WL 743468 (M.D. Pa. Feb. 24, 2011).[1]

II.     *Discussion*

   A.   *Separation of Claims*

Two forms of claim separation are contemplated by the Federal Rules of Civil Procedure: severance under Rule 21 and bifurcation pursuant to Rule 42(b). Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice,

---

[1] Pending before the court is KC's motion to dismiss First Quality's counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2

or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Under Rule 21, titled "Misjoinder and Nonjoinder of Parties," the court may "sever any claim against a party." Under Rule 42, a separate trial or trials are typically held, but the claims still fall under one civil action. *See Official Comm. Of Unsecured Creditors v. Shapiro*, 190 F.R.D. 352, 354 (E.D. Pa. 2000). In contrast, under Rule 21, severed claims proceed as separate, independent cases and any judgment is appealable without need for certification. *Id.* at 354-55. KC asks that we bifurcate the non-patent claims and stay discovery on those claims, or, in the alternative, sever the non-patent claims and transfer them to related litigation in the Eastern District of Wisconsin. (doc. 272.)

We agree that the patent claims and counterclaims I-VII should be separated for trial. While not mandatory, the Federal Circuit recognizes the "standard practice of separating for trial patent issues and those raised in an antitrust counterclaim." *In re Innotron Diagnostics*, 800 F.2d 1077, 1084 (Fed. Cir. 1986); *Masimo Corp. v. Philips Electronics North America Corp.*, No. 09-80-JJF-MPT, 2010 WL 925864, at *1 (D.Del. Mar. 11, 2010)("Bifurcation of patent and antitrust claims...is common."). First Quality's argues that bifurcation is unnecessary and inappropriate because of the substantial overlap of issues between the patent claims and antitrust counterclaims. Specifically, First Quality contends that resolution of the patent issues will not obviate the need for trial on its counterclaims. We disagree. While trial of the patent claims may not obviate a need for trial on all of First Quality's counterclaims, resolution of the patent disputes would become the law of the case, and thus eliminate or reduce some of the proof that would be necessary at trial on the counterclaims. Thus, judicial economy and efficiency weighs in favor of separation. Finally, like the court in *Masimo*, we conclude that the court's interest in jury comprehension weighs heavily in favor of bifurcation. *Masimo*,

2010 WL 925864 at * 2. There are currently eleven patents involved in this case which will require a jury to determine whether they are valid and/or infringed. If the subject counterclaims were to be tried at the same time, a jury would have to consider complex factual and economic issues in addition to the intricate factual disputes involved with the patent claims. Simply, trying all these issues at once "would pose a difficult task for even the most astute of juries." *Id.* Thus, we will enter an order separating counterclaims I-VII from the patent claims for purposes of trial.

### B. Transfer and Stay

Next, we are asked by KC to transfer counterclaims I-VII to the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404(a). KC insists that Wisconsin would be a more appropriate forum because the alleged antitrust scheme originated in Wisconsin, witnesses and evidence are located in Wisconsin, and First Quality will not be prejudiced by a transfer--since First Quality is currently engaged in litigation with KC in Wisconsin.

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The burden of establishing the need for transfer rests with the movant. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Neither party disputes that these counterclaims could have been brought in the Eastern District of Wisconsin. Therefore, we must weigh a list of factors to determine if transfer would be appropriate. While not exhaustive, the following factors are generally considered by courts:

> (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties; (4) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; (5) the location of books and records,

4

> similarly limited to the extent that the files could not be produced in the alternative forum; (6) the enforceability of the judgment; (7) practical considerations that could make the trial easy, expeditious, or inexpensive; (8) the relative court congestion in the competing courts; (9) the local interest in deciding local controversies at home; (10) the public policies of the fora; (11) and the familiarity of the trial judge with the applicable state law.

*High River Ltd. P'ship v. Mylan Labs., Inc.*, 353 F.Supp.2d 487, 492 (M.D. Pa. 2005)(Rambo, J.)(citing *Jumara*, 55 F.3d at 879-80).

After weighing all relevant considerations, we conclude that transfer would be inappropriate. While we are cognizant that some of KC's potential evidence and witnesses are located in Wisconsin, and that neither party would be substantially burdened by transfer, the overlap between the claims outweighs all other factors. Indeed, we previously found that a logical relationship existed between some of First Quality's counterclaims and KC's patent claims before the court, thus rendering the counterclaims compulsory. *See Kimberly-Clark Worldwide, Inc.*, 2011 WL 743468 at *2. If we were to transfer First Quality's counterclaims, it would require another court system to familiarize itself with the unique facts of this litigation, which would place an additional burden on the court system as well as the parties. Therefore, we will not transfer the counterclaims to the Eastern District of Wisconsin.

Furthermore, judicial economy and efficiency do not warrant staying discovery on the counterclaims. A stay would only further prolong this litigation which has been ongoing for two years. Also, given the history of this case, we can only conclude that a stay of discovery would result in a long litany of time-consuming and costly discovery disputes which would monopolize the parties and the court's time. In spite of these concerns, we will grant a limited stay of discovery on the counterclaims until resolution of KC's motion to dismiss.

We will issue an appropriate order.

      /s/William W. Caldwell
      William W. Caldwell
      United States District Judge

Date: April 29, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIMBERLY-CLARK WORLDWIDE, INC.,   :

    Plaintiff                   :

    vs.                             :   CIVIL NO. 1:CV-09-1685

                                      :

FIRST QUALITY BABY PRODUCTS, LLC,
FIRST QUALITY PRODUCTS, INC.,      :
FIRST QUALITY RETAIL SERVICES, LLC,
FIRST QUALITY HYGIENIC, INC.,       :
    Defendants and
    Counterclaim Plaintiffs          :

    vs.                             :

KIMBERLY-CLARK CORPORATION,  :
KIMBERLY-CLARK WORLDWIDE, INC.,
KIMBERLY-CLARK GLOBAL SALES, LLC,:
    Counterclaim Defendants

*O R D E R*

        AND NOW, this 29th day of April, 2011, upon consideration of plaintiff's motion to sever and transfer, or in the alternative sever and stay, and pursuant to the accompanying Memorandum, it is ordered that:

        1. Plaintiff's motion (doc. 272) is granted in part, and denied in part.

        2. Plaintiff's motion to bifurcate is granted.  The patent claims and counterclaims I-VII will be bifurcated for purposes of a jury trial pursuant to Federal Rule of Civil Procedure 42(b).

        3. Discovery on defendants' counterclaims is stayed pending resolution of plaintiff's motion to dismiss

        4. Plaintiff's motion to transfer is denied.

                                       /s/William W. Caldwell
                                       William W. Caldwell
                                       United States District Judge