IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIMBERLY-CLARK WORLDWIDE, INC.,   :

      Plaintiff                    :

      vs.                             :  CIVIL NO. 1:CV-09-1685

                                  :

FIRST QUALITY BABY PRODUCTS, LLC,
FIRST QUALITY PRODUCTS, INC.,     :
FIRST QUALITY RETAIL SERVICES, LLC,
FIRST QUALITY HYGIENIC, INC.,      :
      Defendants and
      Counterclaim Plaintiffs      :

      vs.                               :

KIMBERLY-CLARK CORPORATION,   :
KIMBERLY-CLARK WORLDWIDE, INC.,
KIMBERLY-CLARK GLOBAL SALES, LLC,:
      Counterclaim Defendants

*M E M O R A N D U M*

*I.*        *Introduction*

      Presently before the court is plaintiff Kimberly-Clark Worldwide Inc.'s ("KC") motion for reconsideration of our order of March 1, 2011, granting defendants' First Quality Baby Products, LLC, First Quality Products, Inc., First Quality Retail Services, LLC, and First Quality Hygienic, Inc. (collectively "First Quality") summary judgment motion on the issue of invalidity of the U.S. Patent No. 5,147,343 ("Kellenberger Patent") and U.S. Patent No. 5,601,542 ("Melius Patent"). In our memorandum and order, we concluded that portions of the patents were indefinite and therefore invalid as a matter of

law.  *See Kimberly-Clark Worldwide, Inc. v. First Quality Baby Products, LLC*, No. CV-09-1685, 2011 WL 871479 (M.D. Pa. Mar. 1, 2011).

In support of its motion, KC argues the following: (1) the court erroneously refused to consider extrinsic evidence establishing that the claim terms at issue have a commonly accepted meaning to those skilled in the art; (2) the court erred by disregarding the declaration of KC's technical expert; and (3) the court erred by requiring numeral ranges and statistical deviations for the claim terms at issue.  After careful consideration, we will grant plaintiff's motion and vacate our order of March 2, 2011.[1]

II.     *Discussion*

A court possesses the authority to revise interlocutory orders "when it is consonant with justice to do so."  *See United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973); *Alea N. Am. Ins. Co. v. Salem Masonry Co.*, 301 Fed. Appx. 119, 121 (3d Cir. 2008)(nonprecedential)(citing *Jerry*).  A motion for reconsideration "cannot be used simply to reargue theories on which the court has already ruled," *St. Mary's Water Auth. v. St. Paul Fire & Marine Ins. Co.*, No. 1:CV-04-1593, 2007 WL 1412240, at *1 (M. D. Pa. May 11, 2007)(Caldwell, J.), or to relitigate a point of disagreement with the court, *see Abu-Jamal v. Horn*, No. 99-5089, 2001 WL 1609761 (E.D. Pa. Dec. 18, 2001).  Likewise, it cannot be used "to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry" of the order.  *St.*

---

[1] A patent is presumed valid, 35 U.S.C. § 282, and this presumption can only be overcome by clear and convincing evidence.  *Microsoft Corp. v. i4i Ltd. P'ship*, --- U.S. ----, --- S.Ct. ----, 2011 WL 2224428 (2011); *Helifix Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339, 1346 (Fed. Cir. 2000).

*Mary's Water Auth.*, 2007 WL 1412240 at *1 (in the context of a Rule 59(e) motion).  In other words, a litigant's motion cannot be an attempt at a "second bite at the apple." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995).

As to KC's first and third arguments, we disagree with KC's characterization of our March 1, 2011 memorandum opinion.  First, our opinion did not require a numerical range or statistical deviation.  We merely stated that evidence of a numerical range or statistical deviation would help "explain the scope of the claims" and reiterated that absolute clarity was not required of a claim term.  *Id.* at *3, *4.  Second, all extrinsic evidence that was submitted by the parties was reviewed.  We determined that KC's citation to First Quality's patents was irrelevant to our analysis because the mere citation to other patents does not aid the court in properly construing a claim term.  Nevertheless, it is relevant insofar as it shows that the claim terms are commonly used by those skilled in the art, and thus goes against First Quality's invalidity arguments.

KC's submission regarding its technical expert also demands further consideration.  Based on the record before the court at the time we examined First Quality's summary judgment motion, we concluded that KC's technical expert's opinion was "unhelpful" in determining the proper scope of the disputed claim terms because the expert "fail[ed] to support his opinion with any intrinsic or extrinsic evidence." *Kimberly-Clark Worldwide, Inc.,* 2011 WL 871479 at *4.  KC cures this deficiency by providing a more detailed analysis undertaken by its expert.  This new evidence, which we can only surmise was previously available, in conjunction with First Quality's lack of proffering

3

affirmative evidence of indefiniteness, sufficiently rebuts First Quality's argument that the claim terms are "insolubly ambiguous."  *See Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347 (Fed. Cir. 2005)("Only claims not amendable to construction or insolubly ambiguous are indefinite.").[2]  We therefore conclude that First Quality has failed to meet its exacting standard of showing by clear and convincing evidence that the claim terms at issue are indefinite.

Claim terms 1, 8, 9, 20, and 41 of the Kellenberger Patent contain the phrase "at least about 50%, by weight, of said superabsorbent material."  U.S. Patent No. 5,147,343 (claims 8 and 9 provide "the superabsorbent material" instead of "said superabsorbent material").  In addition, claims 8 and 9 further provide, respectively, that the superabsorbent material "has a particle size of at least about 100 microns" and "has a particle size of at least about 150 microns."  U.S. Patent No. 5,147,343, claims 8 and 9.  KC argues that "at least about" should be construed to mean "equal to or greater than approximately."[3]  Based on our preceding discussion, we conclude that First Quality has

---

[2] In his new declaration, Mr. Butterworth shows how individuals within the industry understood "at least about" and "less than about" to be words of approximation that are commonly and frequently used to describe absorbent products, components used in said products, and related testing methods.  (doc. 389, Ex. A.)  In addition, Mr. Butterworth provides publications, which reflect that the claim terms are commonly understood by people skilled in the art as words of approximation.

[3] Claim construction is a matter of law.  *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995)(en banc), *aff'd*, 517 U.S. 370, 116 S.Ct. 1384 (1996).  "It is a 'bedrock principle' of patent law that 'the claims of a patent define the invention to which a patentee is entitled the right to exclude.'" *Phillips v. AWH Corp.,* 415 F.3d 1303, 1312 (Fed. Cir. 2005)(quoting *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.,* 381 F.3d 1111, 1115 (Fed. Cir. 2004)).  The words of a claim are generally given their "ordinary and customary meaning."  *Id.* (quoted case omitted). "[T]he ordinary and customary meaning of a claim term is the meaning that the term would have to a person of ordinary skill in the art...at

failed to show by clear and convincing evidence that the claim terms are indefinite and therefore invalid.  Based on this and in light of their failure to provide an alternative construction, we conclude that the intrinsic and extrinsic evidence support KC's proposed construction.  Thus, we will construe "at least about" found in claims 1, 8, 9, 20, and 41 to mean "equal to or greater than approximately."

Similar to the Kellenberger Patent, claims 18, 19, 65, 71, 74, 79, 84, and 88 of the Melius Patent also contain the phrase "at least about," and claims 16, 22-24, 64, 69, 73, 78, 83, and 88 contain the additional phrase "less that about."  These terms include the above mentioned modifying language in conjunction with a numerical value, for example "having a Pressure Absorbency Index of at least about 110" or "a Vortex Time of less than about 45 seconds."  U.S. Patent No. 5,601,542, Claim 71 & 69.  KC contends that "less than about" means "less than approximately," and that "at least about" means "equal to or greater than approximately."  Offering the same arguments as advanced for the Kellenberger Patent, First Quality contended that this phrase is indefinite.  However as we indicated, First Quality failed to show by clear and convincing evidence that the claim terms are indefinite and therefore invalid.  Based on this and in

---

the time of the invention."  *Id.* at 1313.  We determine this meaning primarily through intrinsic evidence, i.e. the claim language, the specification and the prosecution history.  *See Power-One, Inc. v. Artesyn Technologies, Inc.*, 599 F.3d 1343, 1348 (Fed. Cir. 2010); *see also Phillips,* 381 F.3d at 1312-17 (defining intrinsic evidence); *Arlington Indus., Inc. V. Bridgeport Fittings, Inc.*, No. 01-0485, 2008 WL 542966, at *1 (M.D. Pa. Feb. 25, 2008).  We may also consider extrinsic evidence, such as dictionaries, treatises, and expert testimony, to shed light on claim construction, but such evidence "is less significant than the intrinsic record" and "is unlikely to result in a reliable interpretation of patent claim scope unless considered in the context of the intrinsic evidence."  *Phillips*, 381 F.3d at 1317-19.

light of its failure to provide an alternative construction, we conclude that the intrinsic and extrinsic evidence support KC's proposed construction.  Therefore, we will construe "less than about" to mean "less than approximately," and "at least about" to mean "equal to or greater than approximately."

We will issue an appropriate order.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIMBERLY-CLARK WORLDWIDE, INC.,   :

    Plaintiff                       :

    vs.                                :  CIVIL NO. 1:CV-09-1685

                                    :
FIRST QUALITY BABY PRODUCTS, LLC,
FIRST QUALITY PRODUCTS, INC.,      :
FIRST QUALITY RETAIL SERVICES, LLC,
FIRST QUALITY HYGIENIC, INC.,       :
    Defendants and
    Counterclaim Plaintiffs         :

    vs.                                :

KIMBERLY-CLARK CORPORATION,  :
KIMBERLY-CLARK WORLDWIDE, INC.,
KIMBERLY-CLARK GLOBAL SALES, LLC,:
    Counterclaim Defendants

## *O R D E R*

AND NOW, this 5th day of July, 2011, after review of plaintiff's motion for reconsideration, and pursuant to the accompanying memorandum, it is ordered:

    1. Plaintiff's motion for reconsideration (doc. 388) is granted.

    2. Our memorandum and order of March 1, 2011 (doc. 382) are vacated.

    3. Defendants' summary judgment motion (doc. 294) is denied.

    4. For the Kellenberger Patent, "at least about" means "equal to or greater than approximately."

       5.  For the Melius Patent, "less that about" means "less than approximately," and "at least about" means "equal to or greater than approximately."

                                    <u>/s/William W. Caldwell</u>
                                      William W. Caldwell
                                      United States District Judge