# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KIMBERLY-CLARK WORLDWIDE, INC.,** | : | |
| Plaintiff, | : | |
| v. | : | **Civil No. 1:09-CV-1685** |
| **FIRST QUALITY BABY PRODUCTS, LLC,** | : | |
| **FIRST QUALITY PRODUCTS, INC.,** | : | **(Judge Caldwell)** |
| **FIRST QUALITY RETAIL SERVICES, LLC,** | : | |
| and **FIRST QUALITY HYGIENIC, INC.,** | : | **(Mag. Judge Carlson)** |
| Defendants. | : | |
| **FIRST QUALITY BABY PRODUCTS, LLC,** | : | |
| **FIRST QUALITY PRODUCTS, INC.,** | : | |
| **FIRST QUALITY RETAIL SERVICES, LLC,** | : | |
| and **FIRST QUALITY HYGIENIC, INC.,** | : | |
| Counterclaim Plaintiffs, | : | |
| v. | : | |
| **KIMBERLY-CLARK CORPORATION,** | : | |
| **KIMBERLY-CLARK WORLDWIDE, INC.,** | : | |
| and **KIMBERLEY-CLARK GLOBAL SALES, LLC,** | : | |
| Counterclaim Defendants. | : | |

**MEMORANDUM OPINION AND ORDER**

I.     **Statement of Facts and of the Case**

This case is a complex commercial patent and anti-trust lawsuit, which involves issues of invention and incontinence. The parties in this litigation manufacture, produce and market a wide array of adult incontinence products and baby diapers. The litigants are now embroiled in a lawsuit examining issues relating to the validity and alleged infringement of various competing patents for the incontinence products which they manufacture and market. At the direction of the district court, one discrete discovery aspect of this broader dispute was referred to the undersigned for resolution.

This discrete issue relates to a motion to compel discovery filed by Kimberly-Clark Worldwide (hereafter K-C), (Doc. 386), which seeks to compel production of the following detailed financial information from First Quality Baby Products (hereafter First Quality) as set forth in plaintiffs' Interrogatory No. 17, which states in part as follows:

> For each baby diaper and wearable incontinence product of First Quality sold since March 12, 2003, separately identified by the product IP Number, FQRKIP Number and/or 5-byte code, provide the following information: the product code, the annual sales in dollars, the annual sales in volume (number of products), the cost of manufacture, and the amount of all other (including variable) costs associated with each such product. Additionally, identify each individual furnishing information used in the response to this Interrogatory, or knowledgeable about such

2

information, and all documents consulted, used, or reviewed in formulating the answer.

(Doc. 387-2)

Initially, noting that the interrogatory could be construed as requiring First Quality to produce detailed financial data relating to more than 300 separate lines of products it produced over an eight year period, many of which have not been alleged to infringe upon any K-C patents, First Quality objected to this interrogatory on the grounds that it was over-broad and unduly burdensome. (Doc. 392) In response, K-C has now asserted: "that K-C is seeking summary information only for First Quality's potentially infringing protective underwear, sleep pants and baby diapers." (Doc. 396, p.2) With its request narrowed in this fashion, K-C seeks an order directing compliance with this interrogatory. The parties have fully briefed this issue, and it is now ripe for resolution. (Docs. 386, 387, 392, and 396)

For the reasons set forth below, the plaintiffs' motion to compel will be granted, in part, and the defendants will be directed to comply with Interrogatory No. 17 with respect to those product lines that K-C has specifically identified as infringing in this lawsuit. In all other respects the motion to compel will be denied.

3

## II.   Discussion

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and provides that:

> (a) Motion for an Order Compelling Disclosure or Discovery
>
> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. . . .

Fed. R. Civ. P. 37(a).

The scope of what type of discovery may be compelled under Rule 37 is defined, in turn, by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

Fed. R. Civ. P. 26(b)(1)

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion

standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense." Therefore, valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information" a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D.Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in

favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D. Kan. 2009).

> **B. Resolution of K-C's Discovery Motion–First Quality Shall Comply with Interrogatory No. 17 Only With Respect to those Product Lines that K-C has Specifically Identified as Infringing in this Lawsuit.**

These competing principles regarding assessing both the relevance and the burdensome of discovery demands guide us in resolving the instant dispute. At the outset, we find in the context of this patent lawsuit that some discovery by K-C regarding financial data pertaining to certain allegedly infringing product lines produced by First Quality is calculated to lead to the discovery of admissible evidence, since this financial data would be relevant to issues of liability and damages in this patent infringement and patient validity litigation. However, we also find that the relevance of this information directly correlates to K-C's claims of infringement against First Quality. Therefore, we believe that wholesale requests for production of financial information relating to product lines produced by First Quality that are not alleged to be infringing would be overly-broad and unduly burdensome. Therefore, in the exercise of our discretion, shaping the scope and extent of discovery in this case, we conclude that K-C's motion to compel a response to Interrogatory No. 17 should be granted only in part, and only with respect to those product lines of First Quality which K-C specifically alleges are infringing. As to other of the more than

300 product lines produced by First Quality, at present, we find that the balance of relevance and burdensomeness weighs against any effort by K-C to compel production of this financial information. Therefore, with this important limitation and caveat, the motion to compel is granted, in part, solely with respect to those product lines of First Quality which K-C specifically alleges are infringing.

### III. Conclusion

For the foregoing reasons, the plaintiffs's motion to compel (Doc. 386) will be granted, in part, and the defendants will be directed to comply with Interrogatory No. 17 with respect to those product lines that K-C has specifically identified as infringing in this lawsuit. In all other respects the motion to compel will be denied.

So ordered this 25th day of July, 2011.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge