IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIMBERLY-CLARK WORLDWIDE, INC.,   :
    Plaintiff
                                :
    v.                              CIVIL NO. 1:09-CV-1685
                                :
FIRST QUALITY BABY PRODUCTS, LLC,
FIRST QUALITY PRODUCTS, INC.,    :
FIRST QUALITY RETAIL SERVICES, LLC,
FIRST QUALITY HYGIENIC, INC.,      :
    Defendants and
    Counterclaim Plaintiffs    :

    v.                              :

KIMBERLY-CLARK CORPORATION,  :
KIMBERLY-CLARK WORLDWIDE, INC.,
KIMBERLY-CLARK GLOBAL SALES, LLC,:
    Counterclaim Defendants

*M E M O R A N D U M*

*I.*       *Introduction*

Presently before the court is a motion for reconsideration (Doc. 440) filed by defendants First Quality Baby Products, LLC, First Quality Products, Inc., First Quality Retail Services, LLC, and First Quality Hygienic, Inc. (collectively "FQ"). FQ seeks reconsideration of the order of court dated July 5, 2011 (Doc. 438), wherein the court (1) granted a motion for reconsideration (Doc. 388) filed by Plaintiff Kimberly-Clark Worldwide Inc. ("KC"), (2) vacated its earlier order dated March 1, 2011 (Doc. 382), and (3) construed certain claim terms in the Kellenberger and Melius Patents.

In the March 1 order, the court granted a summary judgment motion filed by FQ and found certain claim terms in the Kellenberger and Melius Patents to be invalid for indefiniteness. However, KC moved for reconsideration of that order, and on July 5, the court granted KC's motion and vacated the March 1 order. In the pending motion, FQ seeks reconsideration of the court's July 5 order and reinstatement of the court's March 1 order. For the reasons that follow, we will deny FQ's motion for reconsideration.

II.		*Legal Standard*

A court possesses the authority to revise interlocutory orders "when it is consonant with justice to do so." *See United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973); *Alea N. Am. Ins. Co. v. Salem Masonry Co.*, 301 Fed. Appx. 119, 121 (3d Cir. 2008) (nonprecedential) (citing *Jerry*). A motion for reconsideration "cannot be used simply to relitigate a point of disagreement with the court, *see Abu-Jamal v. Horn*, No. 99-5089, 2001 WL 1609761 (E.D. Pa. Dec. 18, 2001). Nor can it be used "to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry" of the order. *St. Mary's Water Auth.*, 2007 WL 1412240 at *1 (in the context of a Rule 59(e) motion). In other words, a litigant's motion cannot be an attempt at a "second bite at the apple." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995).

Rather, motions for reconsideration should be used "to correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Labs., Inc. v. Dentsply, Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (quoting *Harsco Corp.*

2

*v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).  A party seeking reconsideration should show (1) a change in the controlling law, (2) new evidence, or (3) a clear error of law or fact, or manifest injustice.  *See id.*

*III.      Discussion*

FQ contends that the court's July 5 order contained two clear errors of law.  First, according to FQ, the court improperly considered new evidence which KC could have submitted earlier; and second, the claim constructions adopted by the court would improperly require the jury to determine the scope of the relevant patent claims.  We will address these arguments in turn, and then address the parties' supplemental briefs.

FQ claims that the court erred by accepting and relying on a new declaration from Mr. Butterworth, an expert for KC.  It appears that the evidence presented by Mr. Butterworth was previously available, and KC could have presented it in its opposition to FQ's original motion for summary judgment, but KC failed to do so.  Therefore, according to FQ, it was impermissible for KC to present the new declaration in connection with its motion for reconsideration, and there was no need for FQ to rebut it, and the court should not have relied on it.

We will reject this argument.  Although courts may refuse to consider new evidence that was previously available, we conclude that considering such evidence is within the court's discretion, in order to correct a clear error of law or fact or to prevent manifest injustice.  KC points to several cases in which our sister District Courts within the Third Circuit have considered new evidence in the interest of justice.  Furthermore,

3

we note that in *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 678 (3d Cir. 1999), the Third Circuit held that the lower court should have considered new evidence, in order to correct a clear error. Therefore, we do not agree that Third Circuit precedent prohibited KC from introducing new evidence that was previously available. Nor do we agree that KC's failure to assert manifest injustice stripped us of our discretion to consider the new evidence submitted by KC, as FQ's reply brief suggests. To the contrary, in ruling on KC's motion for reconsideration, we properly kept "an open mind[,]" *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991), *aff'd sub nom. U.S. v. Carper*, 22 F.3d 303 (3d Cir. 1994), and in so doing, we concluded that reconsideration was warranted. FQ has not persuaded us that we committed clear error by considering new evidence as part of this process.

FQ's second contention of error is that, in adopting KC's claim constructions, we erroneously made the jury responsible for determining the relevant patent claim scope. FQ asserts that claim scope is a question of law for the court to decide, *see Markman v. Westview Industries*, 517 U.S. 370 (1996), and to leave claim construction to the jury is error. KC insists that the jury may properly engage in some line-drawing in determining infringement, and KC argues that there is no clear error in the court's July 5 order. We agree with KC. Even after the Supreme Court issued its seminal *Markman* opinion, the Federal Circuit has clearly held that "a sound claim construction need not always purge ever shred of ambiguity." *Acumed LLC v. Stryker Corp.*, 483 F.3d 800, 806 (Fed. Cir. 2007). Although some ambiguity remains under our

construction of the relevant patent claims, FQ failed to show clear and convincing evidence of indefiniteness.  We are not convinced that our July 5 order, holding the same, contained clear error.

Finally, we have also considered the arguments raised in FQ's supplemental memorandum supporting the pending motion, and KC's opposition thereto.  FQ's supplemental arguments concerning the deposition testimony of Mr. Melius do not establish that our July 5 order contained clear error, nor do they establish, by clear and convincing evidence, that the relevant claims are indefinite.  As KC persuasively argues, the deposition excerpts cited by FQ may relate to issues of infringement, or invalidity, or other applications of the claim language.  They do not establish indefiniteness.  Therefore, FQ's supplemental arguments do not persuade us that reconsideration is warranted.   We will deny FQ's motion for reconsideration.

We will issue an appropriate order.

    /s/ William W. Caldwell
William W. Caldwell
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIMBERLY-CLARK WORLDWIDE, INC.,    :
    Plaintiff
                                         :
    v.                                  CIVIL NO. 1:09-CV-1685
                                         :
FIRST QUALITY BABY PRODUCTS, LLC,
FIRST QUALITY PRODUCTS, INC.,    :
FIRST QUALITY RETAIL SERVICES, LLC,
FIRST QUALITY HYGIENIC, INC.,     :
    Defendants and
    Counterclaim Plaintiffs    :

    v.                                  :

KIMBERLY-CLARK CORPORATION,   :
KIMBERLY-CLARK WORLDWIDE, INC.,
KIMBERLY-CLARK GLOBAL SALES, LLC,:
    Counterclaim Defendants

*O R D E R*

        AND NOW, this 29th day of December, 2011, upon consideration of Defendants' motion for reconsideration (Doc. 440), and pursuant to the accompanying memorandum, it is ORDERED that Defendants' motion for reconsideration (Doc. 440) is DENIED.

                                                          /s/ William W. Caldwell
                                                          William W. Caldwell
                                                          United States District Judge