IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY-CLARK WORLDWIDE, INC., : <br>     Plaintiff | |
|                      : <br>     v. | CIVIL NO. 1:09-CV-1685 |
|                      : | |
| FIRST QUALITY BABY PRODUCTS, LLC, <br> FIRST QUALITY PRODUCTS, INC.,      : <br> FIRST QUALITY RETAIL SERVICES, LLC, <br> FIRST QUALITY HYGIENIC, INC.,       : <br>     Defendants and <br>     Counterclaim Plaintiffs              : | |
|     v.                                    : | |
| KIMBERLY-CLARK CORPORATION,   : <br> KIMBERLY-CLARK WORLDWIDE, INC., <br> KIMBERLY-CLARK GLOBAL SALES, LLC,  : <br>     Counterclaim Defendants | |

*M E M O R A N D U M*

*I.*   *Introduction*

Presently before the court is a motion for leave to amend counterclaims (Doc. 566), filed by defendants First Quality Baby Products, LLC, First Quality Products, Inc., First Quality Retail Services, LLC, and First Quality Hygienic, Inc. (collectively "FQ").  Plaintiff Kimberly-Clark Worldwide Inc. ("KC") opposes one of the amended counterclaims proposed by FQ: a supplemental counterclaim of inequitable conduct.

We will grant leave to amend in part, and permit FQ to file its proposed supplemental counterclaims seeking a declaratory judgment of non-infringement

and invalidity of new claims, and asserting intervening rights.[1]  However, for the reasons that follow, we will deny leave to amend with respect to FQ's proposed supplemental counterclaim of inequitable conduct, on the basis of futility.

II.	*Legal Standard*

Rule 15(a)(2) of the Federal Rules of Civil Procedure provide that we should "freely" grant leave to amend "when justice so requires."  FED. R. CIV. P. 15(a)(2).  However, it is appropriate to deny leave to amend under certain circumstances, including where amendment would be futile, where the non-moving party would be unduly prejudiced, where undue delay has occurred, or where the moving party has a dilatory motive for seeking leave to amend, exhibits bad faith, or has repeatedly failed to cure deficiencies.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  Amendment is futile if the proposed amended claim "would fail to state a claim upon which relief could be granted[,]" under the same standard as applies under Federal Rule of Civil Procedure 12(b)(6).  Travelers Indem. Co. v. Dammann & Co., 594 F.3d 238, 243 (3d Cir. 2010).

---

[1] KC opposes FQ's motion for leave to amend, solely on the basis that FQ's counterclaim of inequitable conduct is futile.  KC does *not* argue that we should deny leave to amend these other counterclaims proposed by FQ.  Accordingly, leave to amend these counterclaims shall be granted without further discussion.

*III.*     *Discussion*

KC urges us to deny leave to amend on the basis that FQ's proposed counterclaim of inequitable conduct is futile.[2]  Specifically, KC contends that FQ has not plausibly pled either materiality or intent to deceive, which are both required elements of a claim of inequitable conduct.  We will examine the legal sufficiency of FQ's claim according to the same standard as would apply to a Rule 12(b)(6) motion to dismiss the claim.

Under this standard, we must accept all factual allegations as true, construe the pleading in the light most favorable to FQ, the party pleading the claim at issue, and determine if, "under any reasonable reading of the pleading," FQ "may be entitled to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).  Our analysis consists of two parts: first, separating the "legal elements of a claim" from the factual allegations, and second, determining whether the factual allegations "show" a plausible entitlement to relief.  Id. at 210-11.

In this case, FQ's proposed counterclaim alleges that KC engaged in inequitable conduct during reexamination of the Kuepper Patent.  Inequitable

---

[2] In the pending motion, FQ argues, first, that there is good cause to permit amendment at this juncture; second, that its counterclaim of inequitable conduct is not futile; and third, that granting leave to amend will not unduly prejudice KC.  KC does not dispute that FQ can show good cause, nor does KC allege that it would be unduly prejudiced by amendment.  Therefore, we will not address those undisputed issues.  Instead, our analysis will focus on the issue of futility.

conduct, if proven, functions as an equitable defense to patent infringement, and bars enforcement of the patent. Therasense, Inc. v. Becton, Dickinson & Co., 649 F.3d 1276, 1285 (Fed. Cir. 2011). This counterclaim requires FQ to prove two elements by clear and convincing evidence: (1) specific intent to deceive the Patent and Trademark Office ("PTO"), and (2) materiality. Id. at 1287.

After reviewing the factual allegations set forth in FQ's proposed counterclaim, we have considered whether they are sufficient to make plausible showings of materiality and intent to deceive. As noted above, at this procedural juncture, we accept FQ's allegations as true and construe them in the light most favorable to FQ. Even from this posture, however, we conclude that FQ's allegations are not sufficient to make a plausible showing of materiality, for the reasons set forth below.[3]

Materiality of inequitable conduct is generally established by a but-for standard—in other words, a showing that, but for the applicant's misconduct, the PTO would not have issued the patent claim. Id. at 1291-92. Egregious misconduct, however, is material per se. Id. at 1292-93. FQ contends that KC engaged in affirmative acts of egregious misconduct that are per se material.

---

[3] Accordingly, it is unnecessary to address the issue of intent to deceive. Because FQ's allegations fall short of making a plausible showing of materiality, FQ could not be entitled to relief on its proposed counterclaim of inequitable conduct, and granting leave to amend this claim would be futile.

4

As noted by FQ, the Federal Circuit's Therasense opinion cites Rohm & Hass Co. v. Crystal Chem. Co., 722 F.2d 1556 (Fed. Cir. 1983), and Refac Int'l, Ltd. v. Lotus Dev. Corp., 81 F.3d 1576 (Fed. Cir. 1996), as examples of affirmative acts of egregious misconduct. Id. at 1292. FQ relies on Refac to argue that an applicant who provides information to the Patent Office, but selectively omits material information, commits an affirmative act of egregious misconduct. FQ further argues that, during the Kuepper reexamination, KC engaged in such misconduct, by taking positions before the PTO that conflicted with arbitration materials in KC's possession, and by failing to disclose certain information, such as the fact that arbitration panels had rejected its contentions. FQ contends that, at the very least, KC should have disclosed to the PTO the fact that KC and another party had submitted the same issues to arbitration, and that KC claimed privilege over the arbitration materials.

In addition, FQ notes that the Federal Circuit has held that failure to disclose ongoing related litigation is inequitable conduct, see Nilssen v. Osram Sylvania, Inc., 504 F.3d 1223, 1234 (Fed. Cir. 2007). By similar reasoning, FQ argues that KC engaged in inequitable conduct by failing to notify the PTO that it participated in a confidential arbitration proceeding involving the same issue.

The alleged misconduct identified by FQ does not, in our view, qualify as the type of egregious misconduct that is per se material. It is not comparable to the examples of egregious misconduct identified by the Federal Circuit—e.g., filing

5

an "unmistakably false affidavit,"[4] or perjury, bribery, or manufacture of evidence. See Therasense, 649 F.3d at 1292-93.  The information that KC failed to disclose to the PTO was nothing more than the opinions of third parties, which had no legal or binding effect.  We find no basis to conclude that KC was obligated to disclose to the PTO the fact that these third parties disagreed with the arguments that KC advocated before the PTO.  Hence, we are not persuaded that failure to make such disclosures constitutes egregious misconduct.

Nor do we agree with FQ's assertion that, just as failure to disclose ongoing related litigation is inequitable conduct, see Nilssen v. Osram Sylvania, Inc., 504 F.3d 1223, 1234 (Fed. Cir. 2007), so too must KC's failure to disclose the arbitration be inequitable conduct.  Non-binding arbitration is distinguishable from litigation, on the basis that it lacks binding legal effect.

We conclude that FQ's factual allegations fall short of showing egregious misconduct that is per se material, and therefore, FQ must establish materiality under the but-for standard.  Under this standard, it is FQ's burden to allege facts showing that some patent claim would not have issued, but for KC's failure to disclose the arbitration materials, or the fact that arbitration occurred.

---

[4] We note that FQ relied heavily on Refac to argue that KC's conduct constitutes egregious misconduct that is per se material.  Refac is easily distinguishable from the instant case, however.  In Refac, the omission of information from an affidavit rendered the affidavit unmistakably false.  The Refac court specifically declared that "[a]ffidavits are inherently material[.]"  81 F.3d at 1583. By contrast, in this case, KC's alleged misconduct consisted of advocating certain views to the PTO, not submitting affidavits.

When such a showing is made (along with a showing of specific intent to deceive the PTO), the doctrine of inequitable conduct renders the tainted patent claim unenforceable.

FQ's factual allegations are plainly insufficient to satisfy this pleading burden.  Thus, we conclude that FQ has failed to show a plausible entitlement to relief under the doctrine of inequitable conduct, and permitting FQ to file its proposed counterclaim of inequitable conduct would be futile.  We will therefore deny leave to amend that claim.  As noted above, however, we will grant leave to amend with respect to FQ's other proposed supplemental counterclaims.

We will issue an appropriate order.

                                       /s/ William W. Caldwell
                                       William W. Caldwell
                                       United States District Judge

Date: June 11, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY-CLARK WORLDWIDE, INC., : <br> Plaintiff | |
| : | |
| v. | CIVIL NO. 1:09-CV-1685 |
| : | |
| FIRST QUALITY BABY PRODUCTS, LLC, <br> FIRST QUALITY PRODUCTS, INC., : <br> FIRST QUALITY RETAIL SERVICES, LLC, <br> FIRST QUALITY HYGIENIC, INC., : <br> Defendants and <br> Counterclaim Plaintiffs : | |
| v. : | |
| KIMBERLY-CLARK CORPORATION, : <br> KIMBERLY-CLARK WORLDWIDE, INC., <br> KIMBERLY-CLARK GLOBAL SALES, LLC, : <br> Counterclaim Defendants | |

*O R D E R*

AND NOW, this 11th day of June, 2012, upon consideration of Defendants' motion for leave to amend its counterclaims (Doc. 566), and pursuant to the accompanying memorandum, it is ORDERED that said motion is GRANTED in part and DENIED in part as follows:

1. The motion is GRANTED with respect to FQ's proposed counterclaims seeking a declaratory judgment of non-infringement and invalidity of new claims, and asserting intervening rights.

2. The motion is DENIED with respect to FQ's proposed counterclaim of inequitable conduct.

      3.      FQ is directed to remove the counterclaim of inequitable conduct from its proposed supplemental counterclaims, and file the remaining supplemental counterclaims as a new document on the record.

      /s/ William W. Caldwell
      William W. Caldwell
      United States District Judge