IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY-CLARK WORLDWIDE, INC., : <br> Plaintiff | |
| : | CIVIL NO. 1:09-CV-1685 |
| v. : | |
| FIRST QUALITY BABY PRODUCTS, LLC, <br> FIRST QUALITY PRODUCTS, INC., : <br> FIRST QUALITY RETAIL SERVICES, LLC, <br> FIRST QUALITY HYGIENIC, INC., : <br>    Defendants and <br>    Counterclaim Plaintiffs : | |
| v. : | |
| KIMBERLY-CLARK CORPORATION, : <br> KIMBERLY-CLARK WORLDWIDE, INC., <br> KIMBERLY-CLARK GLOBAL SALES, LLC, : <br>    Counterclaim Defendants | |

*M E M O R A N D U M*

*I.    Introduction*

Presently before the court is a motion for reconsideration (Doc. 685) filed by defendants First Quality Baby Products, LLC, First Quality Products, Inc., First Quality Retail Services, LLC, and First Quality Hygienic, Inc. (collectively "FQ"). FQ seeks reconsideration of the court's memorandum and order dated November 19, 2012 (Doc. 661), wherein the court (1) granted a motion to strike (Doc. 621) filed by Plaintiff Kimberly-Clark Worldwide, Inc. ("KC"), and (2) denied FQ's cross-motion to strike. For the reasons that follow, we will deny FQ's motion for reconsideration.

*II.		Legal Standard*

A court possesses the authority to revise interlocutory orders "when it is consonant with justice to do so." *See United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973); *Alea N. Am. Ins. Co. v. Salem Masonry Co.*, 301 Fed. Appx. 119, 121 (3d Cir. 2008) (nonprecedential) (citing *Jerry*). A motion for reconsideration "cannot be used simply to relitigate a point of disagreement with the court, *see Abu-Jamal v. Horn*, No. 99-5089, 2001 WL 1609761 (E.D. Pa. Dec. 18, 2001). Nor can it be used "to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry" of the order. *St. Mary's Water Auth.*, 2007 WL 1412240 at *1 (in the context of a Rule 59(e) motion). In other words, a litigant's motion cannot be an attempt at a "second bite at the apple." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995).

Rather, motions for reconsideration should be used "to correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Labs., Inc. v. Dentsply, Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). A party seeking reconsideration should show (1) a change in the controlling law, (2) new evidence, or (3) a clear error of law or fact, or manifest injustice. *See id.*

*III.		Discussion*

FQ argues that reconsideration is warranted for several reasons, which we will discuss in the paragraphs that follow. The first issue raised by FQ concerns the

reduction-to-practice date of the Rajala Patents. As noted in our November 19 memorandum, KC's expert, Ms. Balogh, articulated a later reduction-to-practice date than the date previously identified in KC's interrogatory responses. Nevertheless, we rejected FQ's argument that, as a result of this new date, FQ was substantially justified in raising a new theory of invalidity. Instead, we concluded that the two dates were consistent, because both of them pre-dated publication of the Suzuki Patent, thus supporting KC's contention that Suzuki is not prior art. Ultimately, we decided to strike the "supplemental" report of Mr. Gardner, which raised FQ's new invalidity theory.

In the pending motion, FQ contends that we were wrongly persuaded that the two reduction-to-practice dates were consistent. KC's interrogatory responses *alleged*—but, FQ argues, they failed to *demonstrate*—that the Rajala Patents' invention was reduced to practice before the Suzuki Patent was published. KC will ultimately bear the burden of proving this issue,[1] but according to FQ, KC's interrogatory answers were not supported by sufficient evidence to make this showing. FQ assumed that KC's insufficient evidence would lead the court to reject the reduction-to-practice date offered by KC, and instead find that the date of invention for the Rajala Patents was their filing date, and consequently conclude that Suzuki is prior art.

---

[1] FQ claims that Suzuki is prior art. Because Suzuki was published before the Rajala Patents' application was filed, KC will bear the burden of proving an earlier reduction-to-practice date for the Rajala Patents. If KC cannot prove that the Rajala Patents' invention was reduced to practice on an earlier date, then the date of filing the application will serve as the date of invention for the Rajala Patents.

This argument does not persuade us to grant reconsideration of our decision to strike Mr. Gardner's "supplemental" report. It does not reveal any clear error of law or fact in our earlier conclusion that FQ's failure to raise its new invalidity defense in a timely manner was neither substantially justified nor harmless.[2] At earlier phases of this litigation, FQ was, at the very least, aware of KC's *allegation* that Suzuki is not prior art. It was FQ's choice to conclude that this allegation was not supported by sufficient evidence, and assume that it would ultimately fail. Nothing prevented FQ from identifying Igaue earlier, as an alternative invalidity defense, even though FQ expected the evidence to establish that Suzuki was prior art. We stand by our earlier conclusion that FQ's late attempt to introduce an entirely new theory of invalidity was not substantially justified. Reconsideration is not warranted on the basis of this argument, and we will turn to FQ's two remaining arguments for reconsideration.

FQ's second basis for seeking reconsideration is that exclusion of evidence is an "extreme sanction" under Third Circuit precedent, and KC has not shown sufficient prejudice to warrant this sanction. FQ contends that the prejudice to KC is minor, because KC can respond to FQ's new invalidity defense simply by deposing Mr. Gardner and preparing a brief responsive expert report.[3] We reject this argument for the same

---

[2] As noted above, reconsideration could also be granted on the basis of showing that a change in controlling law has occurred, or that new evidence has been discovered. FQ has made no such showing in the pending motion.

[3] We note that the parties do not agree on this point. According to KC, far more would be required, including a revisitation of claim construction issues (see Doc. 622 at 9-10).

4

reasons we rejected it when FQ originally raised it, and we reiterate our earlier conclusion that KC would be substantially prejudiced if FQ were permitted to raise a new invalidity defense so late in this litigation.

Third, FQ seeks reconsideration of our November 19 ruling on the basis that it treats the parties differently, and therefore, is manifestly unjust. Specifically, FQ notes that we previously permitted KC to supplement an expert report prepared by Mr. Butterworth. By striking Mr. Gardner's "supplemental" report, FQ argues, we treated FQ so differently from KC that our decision was manifestly unjust. We find Mr. Butterworth's supplemental report easily distinguishable from that of Mr. Gardner, on the basis that Mr. Gardner's new report introduced an entirely new theory of invalidity, never before raised by FQ. In light of the distinguishable circumstances under which these two experts supplemented their reports, we find no manifest injustice in our treatment of the parties.

Finally, FQ argues that our decision to deny FQ's cross-motion to strike was manifestly unjust. In its cross-motion to strike, FQ argued that if the court decided to strike Mr. Gardner's supplemental report, then it should also strike the new information raised in Ms. Balogh's rebuttal report. Our November 19 ruling rejected this argument. In the pending motion for reconsideration, FQ emphasizes that the reduction-to-practice story set forth in Ms. Balogh's report was "entirely new," and that the evidence upon which Ms. Balogh relied was not disclosed in KC's interrogatory answers. (Doc. 686 at 19.) As noted above, FQ's review of KC's interrogatory answers led FQ to believe that KC would be unable to prove an early reduction-to-practice date. Hence, FQ concluded

that date of invention would be the filing date for the Rajala Patents, and Suzuki would qualify as prior art. FQ contends that it is now prejudiced by Ms. Balogh's reliance on evidence that KC never previously identified.

This point is well-argued. FQ explains the above-described prejudice far more clearly in the pending motion than it did in its original briefs on the cross-motions to strike. Unfortunately for FQ, this argument comes too late. FQ cannot use a motion for reconsideration to take a second bite at the proverbial apple. At this juncture, FQ must satisfy a more difficult burden in order for reconsideration to be granted. We conclude that FQ has fallen short of the requisite standard of showing clear error or manifest injustice. There is no clear error in our November 19 memorandum and order, nor did we treat the parties so differently as to establish manifest injustice. To the extent that we treated the parties differently, we did so on the basis of this distinction: Mr. Gardner's report introduced an entirely new theory of invalidity, never before asserted by FQ, whereas Ms. Balogh's report was consistent with KC's contention that Suzuki is not prior art, a theory which KC had previously asserted.

For all of the reasons discussed above, we conclude that FQ's motion for reconsideration should be denied. We will issue an appropriate order.

        /s/ William W. Caldwell
        William W. Caldwell
        United States District Judge

Date: January 31, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIMBERLY-CLARK WORLDWIDE, INC., :
    Plaintiff
                                                     : CIVIL NO. 1:09-CV-1685
    v.
                                                     :
FIRST QUALITY BABY PRODUCTS, LLC,
FIRST QUALITY PRODUCTS, INC., :
FIRST QUALITY RETAIL SERVICES, LLC,
FIRST QUALITY HYGIENIC, INC., :
    Defendants and
    Counterclaim Plaintiffs :

    v. :

KIMBERLY-CLARK CORPORATION, :
KIMBERLY-CLARK WORLDWIDE, INC.,
KIMBERLY-CLARK GLOBAL SALES, LLC, :
    Counterclaim Defendants

## *O R D E R*

AND NOW, this 31st day of January, 2013, upon consideration of Defendants' motion for reconsideration (Doc. 685), and pursuant to the accompanying memorandum, it is ORDERED that said motion is DENIED.

                                              /s/ William W. Caldwell
                                              William W. Caldwell
                                              United States District Judge