IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBERLY-CLARK WORLDWIDE, INC.,<br>Plaintiff | : | |
| | : | |
| v. | | CIVIL NO. 1:09-CV-1685 |
| | : | |
| FIRST QUALITY BABY PRODUCTS, LLC,<br>FIRST QUALITY PRODUCTS, INC.,<br>FIRST QUALITY RETAIL SERVICES, LLC,<br>FIRST QUALITY HYGIENIC, INC.,<br>Defendants and<br>Counterclaim Plaintiffs | :<br><br>:<br><br>:<br><br>: | |
| v. | : | |
| KIMBERLY-CLARK CORPORATION,<br>KIMBERLY-CLARK WORLDWIDE, INC.,<br>KIMBERLY-CLARK GLOBAL SALES, LLC,<br>Counterclaim Defendants | :<br><br>: | |

*M E M O R A N D U M*

*I.* *Introduction*

Presently before the court is a motion for partial summary judgment (Doc. 635), filed by defendants First Quality Baby Products, LLC, First Quality Products, Inc., First Quality Retail Services, LLC, and First Quality Hygienic, Inc. (collectively "FQ"). FQ seeks summary judgment of invalidity of claims 31, 32, and 34 of the Kuepper Patent on two grounds: (1) claim 34 is invalid as a matter of law because, during the Kuepper Patent's reexamination, it was broadened in violation of 35 U.S.C. § 305, and (2) claims 31 and 32 are indefinite as a matter of law under 35 U.S.C. § 112, because they contain internally inconsistent claim requirements.

Plaintiff Kimberly-Clark Worldwide Inc. ("KC") opposes FQ's motion for summary judgment. The parties have briefed the issues, and the motion is now ripe for our review. For the reasons set forth below, we will grant FQ's motion in part and deny it in part. Specifically, we will grant summary judgment of invalidity of claim 34, and deny summary judgment as to claims 31 and 32.

II.	*Background*

In February 2009, FQ filed a complaint in this court for a declaratory judgment of invalidity and non-infringement of the Kuepper Patent. We dismissed FQ's complaint for lack of subject matter jurisdiction. Prior to our dismissal, however, KC filed this patent infringement action in the U.S. District Court for the Northern District of Texas, and this action was then transferred from Texas to this court.

During the course of this litigation, an anonymous non-party requested reexamination of the Kuepper Patent from the Patent Office. After reexamination, the Patent Office concluded that none of the Kuepper Patent's original 30 claims were patentable. KC filed numerous new claims, and the Patent Office permitted four of the new claims to issue—claims 31 to 34.

KC then accused FQ of infringement of claims 31, 32, and 34 of the Kuepper Patent. On October 12, 2012, FQ filed the instant motion for summary judgment of invalidity of claims 31, 32, and 34.

*III.        Legal Standard*

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  We will examine the motion under the well-established standard.  See, e.g., Meditz v. City of Newark, 658 F.3d 364, 369 (3d. Cir. 2011).  "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." Id. (quoting Azur v. Chase Bank, USA, Nat'l Ass'n, 601 F.3d 212, 216 (3d Cir. 2010)).  The court must credit the nonmovant's evidence and draw "all justifiable inferences" in its favor.  Id.

The pending summary judgment motion challenges the validity of three patent claims.  Each claim is presumed valid, and the party alleging invalidity bears the burden of proving it by clear and convincing evidence.  35 U.S.C. § 282(a); Perricone v. Medicis Pharm. Corp., 432 F.3d 1368, 1372 (Fed. Cir. 2005).  The issues presented in the instant motion—broadening and indefiniteness—are questions of law, amenable to resolution at the summary judgment stage.  Exxon Research & Eng'g Co. v. United States, 265 F.3d 1371, 1376 (Fed. Cir. 2001) (holding that indefiniteness "presents a question of law"); Predicate Logic, Inc. v. Distributive Software, Inc., 544 F.3d 1298, 1302 (Fed. Cir. 2008) (holding that questions of broadening are "a matter of claim construction"); see also Hockerson-

3

Halberstadt, Inc. v. Converse Inc., 183 F.3d 1369, 1373 (Fed. Cir. 1999) (holding that "[w]hether amendments made during reexamination enlarge the scope of a claim is a matter of claim construction[,]" which is "a matter of law").

In order to determine whether a claim has been impermissibly enlarged, we must compare the scope of the original claim and the new claim. If the new claim covers any subject matter that would not have fallen within the scope of the original claim, then the new claim is broader. Predicate Logic, 544 F.3d at 1302; see also Medtronic, Inc. v. Guidant Corp., 465 F.3d 1360, 1374 (Fed. Cir. 2006) ("A reissue claim that is broader in any respect is considered to be broader than the original claims even though it may be narrower in other respects." (quoting Tillotson, Ltd. v. Walbro Corp., 831 F.2d 1033, 1037 n.2 (Fed. Cir. 1987))).

A patent claim is invalid for indefiniteness if it is "insolubly ambiguous, and no narrowing construction can properly be adopted[.]" Exxon Research & Eng'g Co., 265 F.3d at 1375. If, however, "the meaning of the claim is discernible, even though the task may be formidable and the conclusion may be one over which reasonable persons will disagree," then the claim is "sufficiently clear to avoid invalidity on indefiniteness grounds." Id.

*IV.*     *Discussion*

As noted above, FQ contends that claim 34 is invalid as a result of impermissible broadening and claims 31 and 32 are invalid on the basis of indefiniteness. We will address these arguments in turn.

4

### A. Claim 34

FQ argues that claim 34 is broader than original claim 1 of the Kuepper Patent. The Kuepper Patent claims a disposable diaper with an elastomeric ear of a specific configuration. Claim 34 requires the second connecting edge of the diaper's ear to consist of two segments: one that is generally parallel to the first connecting edge of the diaper's ear, and one that is non-parallel to the first connecting edge. By contrast, claim 1, and all the other original claims of the Kuepper Patent, simply required that the "second connecting edge" be "non-parallel to [the] first connecting edge." FQ argues that claim 34 covers subject matter that was outside the scope of original claim 1, and therefore, claim 34 is invalid for impermissible broadening.

FQ also contends that the law of the case compels this conclusion. Earlier in this litigation, KC invited us to construe claim 1 to require that only a *portion* of the second connecting edge be non-parallel to the first connecting edge. However, we rejected KC's proposed construction and ruled that the limitation at issue should take its ordinary and customary meaning. We specifically stated that "KC's proposed construction would expand the disputed claim term beyond what is specifically found in the claims and specification." (Doc. 251 at 6).

In its briefs opposing the pending motion, KC now raises a similar argument about the breadth of original claim 1. According to KC, claim 1 not only encompasses ears with first and second connecting edges that are *entirely* non-

5

parallel; it also encompasses ears with first and second connecting edges that are mostly, but *not entirely*, non-parallel.  By contrast, KC argues, claim 34 covers only the latter embodiment, and not the former.  Thus, KC contends that original claim 1 is broader than claim 34.  To support its interpretation of claim 1, KC points to testimony from both parties' experts, Mr. Butterworth and Mr. Blevins, that one connecting edge may be non-parallel to another even if the connecting edges are not *entirely* non-parallel.  KC argues that one of ordinary skill in the art would recognize this as the plain and ordinary meaning of the term at issue.

We find KC's argument unconvincing.  Even if we assume, *arguendo*, that original claim 1 is as broad as KC contends—specifically, if it encompass ears with edges that are mostly but not entirely non-parallel—claim 34 is broader still.[1] The scope of claim 34 is not restricted to ears with edges that are mostly non-parallel.  For instance, an ear design in which the second connecting edge consists of two *equal* segments—one parallel to the first connecting edge, and the other non-parallel to the first connecting edge—would come within the scope of claim 34.  However, such a design is not *mostly* non-parallel, because the two segments would be *equal* in length.  The same could be said if the parallel segment were *longer* than the non-parallel segment.

---

[1] In light of this conclusion, it is unnecessary to resolve the parties' differing interpretations of our claim construction ruling and the ordinary meaning of the phrase "the second connecting edge is non-parallel to the first connecting edge."

Hence, claim 34 covers at least some subject matter that would not have fallen within the scope of original claim 1, and therefore, it is invalid for impermissibly broadening the scope of the Kuepper Patent.

B.   *Claims 31 and 32*

Claim 31 requires the second connecting edge of the diaper's ear to have a segment that is "generally parallel" to the first connecting edge of the ear. Claim 32 depends from claim 31 and includes all of its limitations. Claims 31 and 32 are also dependent upon original claim 1, which, as noted above, requires the second connecting edge to be "non-parallel" to the first connecting edge. FQ argues that these two requirements are insolubly ambiguous because they inherently contradict each other, and thus, claims 31 and 32 are invalid for indefiniteness.

KC maintains that claims 31 and 32 are not indefinite. As described above, KC interprets claim 1 broadly, to cover ears with edges that are mostly but not entirely non-parallel. Hence, under KC's interpretation of claim 1, there is nothing contradictory in claims 31 and 32.[2]

---

[2] KC also points to the Patent Office's allowance of claims 31 and 32, and KC contends that this indicates that, during reexamination, the Patent Office concluded that claims 31 and 32 were not indefinite. In response to this point, FQ argues that the Patent Office applies a broader standard for claim interpretation than this court. Specifically, the Patent Office must interpret pending claims "as broadly as their terms reasonably allow." In re Zletz, 893 F.2d 319, 321 (Fed. Cir. 1989). No such requirement applies to this court. For this reason, we decline to rely on the Patent Office's allowance of claims 31 and 32 as a basis to conclude that these claims are not indefinite, as KC invites us to do. We will rely on our own interpretation of the terms at issue.

FQ contends that claims 31 and 32 are inherently contradictory because, under FQ's interpretation of original claim 1, the two connecting edges must be "entirely" non-parallel. FQ insists that our construction of the claim language at issue compels this conclusion, but we do not agree. In our claim construction ruling (Doc. 251 at 6-7), we were persuaded that the phrase "said second connecting edge being non-parallel to said first connecting edge" should be given its ordinary and customary meaning because the language is clear, unambiguous, and speaks for itself. We construed it to mean that "the second connecting edge is non-parallel to the first connecting edge." (Id. at 7). We did not dictate, however, that the two connecting edges must be *entirely* non-parallel.

Furthermore, FQ has failed to persuade us that the ordinary meaning of non-parallel is *entirely* non-parallel. As noted above, KC has presented testimony from both parties' experts, Mr. Butterworth and Mr. Blevins, indicating that the second connecting edge of a diaper's ear can be non-parallel to the first connecting edge even if the two edges are *not entirely* non-parallel. We recognize that Mr. Butterworth and Mr. Blevins were not necessarily applying the court's claim construction when they testified on this point. However, we find it noteworthy that they agreed on this application of the term non-parallel. This evidence tends to indicate that people of ordinary skill in the art would agree that, under the ordinary and customary meaning of the non-parallel limitation, the two edges need not be *entirely* non-parallel. The Federal Circuit has held that "the ordinary and customary

8

meaning of a claim term is the meaning that the term would have to a person of ordinary skill in the art[.]" Phillips v. AWH Corp., 415 F.3d 1303, 1313 (Fed. Cir. 2005).

In sum, the inherent contradiction urged by FQ is premised on FQ's own interpretation of the non-parallel limitation—specifically, its understanding of the term "non-parallel" to mean "*entirely* non-parallel." However, FQ has not proven that this interpretation reflects the ordinary meaning of non-parallel. Nor does our claim construction compel this interpretation, because our claim construction held that the non-parallel limitation should be given its ordinary meaning. At most, FQ has shown that reasonable minds may disagree over the meaning of the non-parallel limitation, but that fact is insufficient to establish indefiniteness. See Exxon Research & Eng'g Co., 265 F.3d at 1375 (holding that a claim is not invalid on the basis of indefiniteness if "the meaning of the claim is discernible, even though the task may be formidable and the conclusion may be one over which reasonable persons will disagree"). Therefore, with respect to claims 31 and 32, FQ has not satisfied its burden of proving invalidity by clear and convincing evidence.

*V.* *Conclusion*

For the reasons set forth above, we will grant summary judgment of invalidity of claim 34, and deny summary judgment as to claims 31 and 32.

9

We will issue an appropriate order.

                                             /s/ William W. Caldwell
                                             William W. Caldwell
                                             United States District Judge

Date: March 19, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBERLY-CLARK WORLDWIDE, INC.,<br>    Plaintiff | : | |
| | : | |
| v. | | CIVIL NO. 1:09-CV-1685 |
| | : | |
| FIRST QUALITY BABY PRODUCTS, LLC,<br>FIRST QUALITY PRODUCTS, INC.,<br>FIRST QUALITY RETAIL SERVICES, LLC,<br>FIRST QUALITY HYGIENIC, INC.,<br>    Defendants and<br>    Counterclaim Plaintiffs | : | |
| v. | : | |
| KIMBERLY-CLARK CORPORATION,<br>KIMBERLY-CLARK WORLDWIDE, INC.,<br>KIMBERLY-CLARK GLOBAL SALES, LLC,<br>    Counterclaim Defendants | : | |

## *O R D E R*

AND NOW, this 19th day of March, 2013, upon consideration of Defendants' motion for partial summary judgment (Doc. 635), and pursuant to the accompanying memorandum, it is ORDERED that said motion is GRANTED in part and DENIED in part as follows:

1. The motion is GRANTED with respect to claim 34. We hereby grant summary judgment that claim 34 is invalid for impermissible broadening in violation of 35 U.S.C. § 305

2. The motion is DENIED in all other respects.

                                                       /s/ William W. Caldwell
                                                       William W. Caldwell
                                                       United States District Judge