IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY-CLARK WORLDWIDE, INC., Plaintiff | : |
| | : CIVIL NO. 1:09-CV-1685 |
| v. | : |
| FIRST QUALITY BABY PRODUCTS, LLC, FIRST QUALITY PRODUCTS, INC., FIRST QUALITY RETAIL SERVICES, LLC, FIRST QUALITY HYGIENIC, INC., Defendants and Counterclaim Plaintiffs | : : : |
| v. | : |
| KIMBERLY-CLARK CORPORATION, KIMBERLY-CLARK WORLDWIDE, INC., KIMBERLY-CLARK GLOBAL SALES, LLC, Counterclaim Defendants | : : |

*M E M O R A N D U M*

*I.  Introduction*

Presently before the court is a motion for partial reconsideration (Doc. 823) filed by defendants First Quality Baby Products, LLC, First Quality Products, Inc., First Quality Retail Services, LLC, and First Quality Hygienic, Inc. (collectively, "FQ"). In this motion, FQ seeks partial reconsideration of the court's memorandum and order dated July 8, 2013 (Doc. 815), wherein the court denied FQ's motion for partial summary judgment that the Kellenberger and Melius Patents are invalid for obviousness (Doc. 682). Specifically, FQ asks us to reconsider our ruling with respect to the alleged obviousness of the Melius Patent claims only. For the reasons that follow, we will deny FQ's motion for partial reconsideration.

*II.        Legal Standard*

A court possesses the authority to revise interlocutory orders "when it is consonant with justice to do so." *See United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973); *Alea N. Am. Ins. Co. v. Salem Masonry Co.*, 301 Fed. Appx. 119, 121 (3d Cir. 2008) (nonprecedential) (citing *Jerry*). A motion for reconsideration "cannot be used simply to relitigate a point of disagreement with the court, *see Abu-Jamal v. Horn*, No. 99-5089, 2001 WL 1609761 (E.D. Pa. Dec. 18, 2001). Nor can it be used "to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry" of the order. *St. Mary's Water Auth.*, 2007 WL 1412240 at *1 (in the context of a Rule 59(e) motion). In other words, a litigant's motion cannot be an attempt at a "second bite at the apple." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995).

Rather, motions for reconsideration should be used "to correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Labs., Inc. v. Dentsply, Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). A party seeking reconsideration should show (1) a change in the controlling law, (2) new evidence, or (3) a clear error of law or fact, or manifest injustice. *See id.*

*III.       Discussion*

As a matter of background, we note that this litigation concerns a variety of patents relating to disposable absorbent products, such as diapers and incontinence

2

products.  FQ sought partial summary judgment that the Kellenberger and Melius Patents are invalid for obviousness.  FQ's theory of obviousness is that the only feature distinguishing Kellenberger or Melius from prior art is their use of a new "superabsorbent polymer" ("SAP") in the product's absorbent core, to replace an older, less effective SAP, and FQ argues that it was obvious to make this substitution.  After we denied summary judgment, FQ filed the pending motion for partial reconsideration.

FQ alleges four errors of law or fact, for which FQ urges us to reconsider granting summary judgment that the Melius Patent is invalid for obviousness.  As its fifth and final argument, FQ contends that our ruling resulted in manifest injustice.  We will address each of FQ's arguments, as well as the responses raised by Plaintiff Kimberly-Clark Worldwide, Inc. ("KC"), in opposition to FQ's pending motion.

First, FQ argues that the court erred by focusing on the specific problems that the Melius inventors were trying to solve.  FQ insists that it is legal error to look only to those problems, because "any need or problem known in the field" could serve as a reason to combine elements of prior art.  See KSR Int'l Co. v. Teleflex, Inc., 550 U.S. 398, 420 (2007).  FQ alleges that there was a recognized need for improved SAPs in the field, and it would have been obvious to substitute new SAPs into existing diapers.

We do not agree that our July 8 ruling applied an improper standard.  Although we took note of the problems that KC's inventors were trying to solve, we did not look *only* to those problems, nor did we require FQ to show that the prior art addressed those problems.  FQ's second point—that it would have been obvious to incorporate new SAPs into preexisting diaper designs—was already raised and rejected

in FQ's summary judgment motion, and we will not permit FQ to relitigate this point.[1] In sum, FQ's first alleged error fails to persuade us that reconsideration is warranted.

The second error alleged by FQ is a factual error. According to FQ, the court found that both Kellenberger and Melius solved the problem of gel blocking and the need to maximize absorbency under pressure, but in fact, Melius was unrelated to gel blocking. FQ argues that Kellenberger allegedly solved both of these problems long before Melius was filed, and therefore, "Melius's use of an off-the-shelf SAP that provided the same benefits as Kellenberger was obvious." (Doc. 824 at 14). FQ also contends that "Melius' only arguable contribution was the PAI test, which is not part of the claimed invention[.]"[2] (Id. at 6, 13-14).

---

[1] This theory of obviousness might be persuasive to a jury, but it does not entitle FQ to summary judgment, because it is also possible that a reasonable jury could reject it and rule in favor of KC. We stand by the reasoning of our July 8 opinion. In ruling on FQ's summary judgment motion, we were required to credit KC's evidence, which suggested that some new SAPs performed better than others, and that not all new SAPs had the characteristics that KC sought. Hence, even if we assume it was obvious to try a new generation of SAPs, that does not end the obviousness analysis. It still might not have been obvious to select an SAP with the characteristics claimed in Kellenberger or Melius, out of the new generation of SAPs. Admittedly, if we credited FQ's argument that "a majority" of SAPs had the characteristics claimed in Melius, that would largely undercut the reasoning set forth above. However, our task is not to weigh the parties' evidence and arguments as a jury would do. When we apply the proper standard, this argument does not compel us to reconsider our ruling.

[2] FQ is correct that the PAI test is not part of the claimed invention. However, to the extent that FQ uses this argument to imply that the PAI test is entirely irrelevant, or must be disregarded, we disagree. As our July 8 opinion explained, the PAI test is a relevant part of KC's theory against obviousness—not because the *test* is part of the Melius Patent, but rather, because the *characteristics* claimed in the Melius Patent were not obvious in the absence of the test. KC has presented evidence supporting this theory. Accordingly, a reasonable jury could conclude that the claimed invention was not obvious to a person of ordinary skill in the art.

Our July 8 opinion did not find that Kellenberger and Melius *each individually* addressed both gel blocking as well as absorbency under pressure. Some portions of our opinion, including the portion cited by FQ, discussed Kellenberger and Melius *collectively*—just as the parties did in their briefs. In hindsight, we realize that doing so may have created ambiguity, and our words may have been open to the interpretation that FQ takes here. Nevertheless, we did not commit the error of fact alleged by FQ. Furthermore, we note that our discussion was not a "finding." It was a discussion of what a reasonable jury might find, if it credited KC's evidence. We reject FQ's assertion that we "found" an allegedly erroneous fact.

Turning to FQ's contention regarding the "off-the-shelf SAP," this point simply reiterates the same theory of obviousness discussed above[3] and in our July 8 opinion. As we have already explained, when we view the evidence in the light most favorable to KC, it does not establish the obviousness of using an SAP with the specific characteristics claimed in Melius. Therefore, summary judgment is not warranted, and this alleged error does not persuade us to reconsider our July 8 ruling.

FQ's third argument in favor of reconsideration is an alleged error of law. FQ contends that it was legal error for the court to find that the Melius claims were not obvious because the properties revealed through the PAI tests were "previously unrecognized and unknown" in prior art. FQ argued the same point in its summary judgment motion, and cited several cases, which we found to be distinguishable from the instant case. In the pending motion, FQ provides two new case citations to support its

---

[3] *See supra* note 1 and accompanying text.

5

argument: *In re Dillon*, 919 F.2d 688 (Fed. Cir. 1990), and *In re Kubin*, 561 F.3d 1351 (Fed. Cir. 2009). We find these cases to be distinguishable as well. In *Dillon*, the prior art disclosed information that was equivalent to the patent claim limitation at issue, and the prior art also disclosed the knowledge of their equivalence. The patent at issue in *Kubin* claimed a gene sequence that was derived following the teachings of prior art and isolated by standard methods disclosed by prior art.

Unlike *Dillon*, *Kubin*, and the other cases cited by FQ, in the instant case, we are simply not convinced that all the characteristics of the Melius Patent were similarly apparent from prior art—at least not for purposes of ruling on FQ's summary judgment motion, where we are required to credit the evidence presented by KC. As we have previously noted, KC's evidence suggests that it was necessary to test various SAPs in order to identify the ones with the characteristics that KC sought. When we credit this evidence, we can distinguish the instant case from the cases cited by FQ. Because the authority cited by FQ is distinguishable, we do not believe it compels us to find obviousness as a matter of law in this case.

We turn to FQ's fourth argument for reconsideration, which alleges that we legally erred by considering the PAI test in the context of analyzing the *validity* of the Melius Patent, but not considering it in the context of *infringement*, because patent claims must be construed the same way in both contexts. This argument misunderstands our July 8 ruling and fails to persuade us that it contains legal error. We did not construe the claims at issue in a different way on July 8 than we did at the claim

construction phase, nor did we find that we "must" consider KC's testing methods in deciding the issue of obviousness. Rather, we reasoned as follows.

Although the Melius Patent does not require *performance* of the PAI test, it does require SAPs with specific *characteristics* that KC discovered by using the PAI test. The evidence presented by KC, if credited, could support a finding that, without the benefit of KC's discoveries, it would not have been obvious to select an SAP with these specific characteristics.[4] Contrary to FQ's contentions in the pending motion, this reasoning does not alter our claim construction, nor does it compel consideration of the PAI test. It simply explains how KC's evidence, when viewed in its most favorable light, could lead a reasonable jury to reject FQ's theory of obviousness. Because a reasonable jury could return a verdict in KC's favor on this issue, we properly denied FQ's motion for partial summary judgment.

Finally, FQ seeks reconsideration on the basis that our ruling results in manifest injustice. In particular, FQ notes that it was KC's suppliers, not KC, who invented the SAPs that KC used. KC tested its suppliers' SAPs, and it used the PAI test to identify SAPs with superior absorbency. FQ suggests that KC could not have obtained a valid patent under these circumstances, because KC simply identified properties that were inherent in the SAPs invented and supplied by KC's suppliers. Moreover, FQ contends that our ruling is manifestly unjust and contravenes existing law, because under our order, the suppliers who invented the SAPs cannot sell their SAPs for use in absorbent products.

---

[4] *See supra* notes 1 and 2 and accompanying text.

We do not agree that our order necessarily has the impact that FQ alleges it has. We did not conclusively rule on the validity of the Melius Patent. We declined to grant summary judgment that it is invalid on the basis of obviousness; but a reasonable jury, after weighing the evidence, could conclude that it is. Furthermore, even if we had conclusively upheld the Melius Patent as valid, it is not necessarily true that such a ruling would have prevented SAP suppliers from selling their SAPs. Significantly, the Melius Patent does not claim an SAP alone; rather, it claims "an absorbent composite comprising a mixture of fibers and superabsorbent material" with certain specified characteristics. KC accuses FQ of patent infringement, not because of the SAP used in its products, but because it allegedly made absorbent composites with the combination of SAP and fibers, and with the characteristics, claimed in the Melius Patent. Therefore, we find no basis to conclude that our ruling has the unjust effect alleged by FQ. We also note that finding manifest injustice would require us to adopt FQ's view of certain underlying facts, which would be improper at the summary judgment phase, where we must credit the evidence presented by the non-moving party, KC. For all of these reasons, we reject FQ's allegations of manifest injustice.

For the reasons discussed above, we conclude that FQ's motion for reconsideration should be denied. We will issue an appropriate order.

    /s/ William W. Caldwell
    William W. Caldwell
    United States District Judge

September 9, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIMBERLY-CLARK WORLDWIDE, INC., :
    Plaintiff
                                                   : CIVIL NO. 1:09-CV-1685
    v.
                                                   :
FIRST QUALITY BABY PRODUCTS, LLC,
FIRST QUALITY PRODUCTS, INC., :
FIRST QUALITY RETAIL SERVICES, LLC,
FIRST QUALITY HYGIENIC, INC., :
    Defendants and
    Counterclaim Plaintiffs :

    v. :

KIMBERLY-CLARK CORPORATION, :
KIMBERLY-CLARK WORLDWIDE, INC.,
KIMBERLY-CLARK GLOBAL SALES, LLC, :
    Counterclaim Defendants

## *O R D E R*

AND NOW, this 9th day of September, 2013, upon consideration of Defendants' motion for partial reconsideration (Doc. 823), and pursuant to the accompanying memorandum, it is ORDERED that said motion is DENIED.

                                               /s/ William W. Caldwell
                                               William W. Caldwell
                                               United States District Judge