IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIMBERLY-CLARK WORLDWIDE, INC., :
    Plaintiff
: CIVIL NO. 1:09-CV-1685
    v.
:
FIRST QUALITY BABY PRODUCTS, LLC,
FIRST QUALITY PRODUCTS, INC., :
FIRST QUALITY RETAIL SERVICES, LLC,
FIRST QUALITY HYGIENIC, INC., :
    Defendants and
    Counterclaim Plaintiffs :

    v. :

KIMBERLY-CLARK CORPORATION, :
KIMBERLY-CLARK WORLDWIDE, INC.,
KIMBERLY-CLARK GLOBAL SALES, LLC, :
    Counterclaim Defendants

*M E M O R A N D U M*

*I.*    *Introduction*

Presently before the court is a motion for reconsideration (Doc. 834) filed by Plaintiff Kimberly-Clark Worldwide, Inc. ("KC") on August 19, 2013. In its motion, KC requests that the court reconsider its August 12, 2013 memorandum and order (Doc. 833), wherein the court denied KC's summary judgment motion requesting that the court find that a European Patent Application known as Suzuki[1] does not anticipate or render obvious certain patent claims at issue in this case.

Defendants First Quality Baby Products, LLC, First Quality Products, Inc., First Quality Retail Services, LLC, and First Quality Hygienic, Inc. (collectively, "FQ") oppose KC's motion for reconsideration. The matter has been fully briefed (Docs. 835,

---

[1] European Patent Application No. 0626161A1 to Suzuki et al.

838, 852-1, 857), and is now ripe for our review. For the reasons that follow, we will deny KC's motion for reconsideration.

*II.        Legal Standard*

A court possesses the authority to revise interlocutory orders "when it is consonant with justice to do so." *See United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973); *Alea N. Am. Ins. Co. v. Salem Masonry Co.*, 301 F. App'x 119, 121 (3d Cir. 2008) (nonprecedential) (citing *Jerry*). A motion for reconsideration, however, cannot be used simply to relitigate a point of disagreement with the court. *See Abu-Jamal v. Horn*, No. 99-5089, 2001 WL 1609761 at *9 (E.D. Pa. Dec. 18, 2001) (citations omitted). Nor can it be used "to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry" of the order. *St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, No. 1:CV-04-1593, 2007 WL 1412240 at *1 (M.D. Pa. May 11, 2007) (in the context of a Rule 59(e) motion styled as a motion for reconsideration). In other words, a litigant's motion cannot be an attempt at a "second bite at the apple." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995).

Rather, a motion for reconsideration should be used "to correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Labs., Inc. v. Dentsply, Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). A party seeking reconsideration should show: (1) a change in the controlling law; (2) new evidence; or (3) a clear error of law or fact, or manifest injustice. *See id.*

III.        *Discussion*

As a matter of background, we note that this litigation concerns a variety of patents relating to disposable absorbent products, such as diapers and incontinence products. Among other claims in this action, KC seeks damages for FQ's alleged infringement of the Rajala '922 and '211 Patents.[2] FQ denies infringement and contends that Suzuki invalidates the Rajala Patents under theories of anticipation and obviousness.[3]

In the summary judgment motion that was the subject of the court's August 12, 2013 memorandum and order, KC sought a determination from the court that Suzuki does not anticipate or render obvious claims 7 and 20 of the Rajala '922 Patent and claims 1 and 4 of the Rajala '211 Patent. Finding genuine disputes of material fact with respect to the questions of both anticipation and obviousness, the court denied KC's motion. (Doc. 833 at 7-8). Presently, KC contends that the court committed clear error in both respects, and seeks reconsideration of the court's decision. The court will address each argument in turn.

     A.        *Anticipation*

---

[2] U.S. Patent Nos. 5,745,922 and 6,260,211.

[3] As the court explained in its prior memorandum (Doc. 833 at 3-4), "anticipation" and "obviousness" are terms of art. In order to establish anticipation, the party challenging the validity of the patent must prove that every claim limitation is found in a single prior art reference, either expressly or inherently. *Transclean Corp. v. Bridgewood Servs., Inc.*, 290 F.3d 1364, 1370 (Fed. Cir. 2002). To determine whether a patent is invalid for obviousness, the court must examine whether "the difference between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious . . . to a person having ordinary skill in the art[.]" 35 U.S.C. § 103.

3

With respect to the issue of anticipation, KC contends that the court made a clear error of law when it declined to adopt KC's proposed claim construction, which would have established that Suzuki does not anticipate the Rajala Patents. (Doc. 835 at 4). Originally, KC moved for summary judgment asserting that Suzuki does not anticipate the Rajala Patents because it lacks a limitation contained in the Rajala Patents–the use of separate crotch and leg elastics in the disposable absorbent device. KC argued that there could be no genuine dispute of material fact on this issue since FQ's expert, Daniel Gardner, conceded that this separate elastics limitation was not found in Suzuki.

In our memorandum, we noted the ambiguity of the question posed to Mr. Gardner and his subsequently filed declaration explaining his purported concession. Viewing this evidence in the light most favorable to the nonmoving party, FQ, the Court declined to enter summary judgment in KC's favor. (Doc. 833 at 6-7).

Instantly, KC requests that the court reconsider this decision and adopt KC's previously advanced claim construction. KC offers no new evidence or arguments in support of its request, but contends that the court committed legal error by stating that a reasonable jury could find that Suzuki anticipates the Rajala Patents "if it credits FQ's evidence that the Rajala claims at issue do not require crotch elastics that are separate from the leg elastics." (Doc. 833 at 7). KC is correct that it is the province of the court, and not the jury, to determine the scope of a patent's claims. *See Every Penny Counts, Inc. v. Am. Express Co.*, 563 F.3d 1378, 1383 (Fed. Cir. 2009) ("[T]he court's obligation is to ensure that questions of the scope of the patent claims are not left to the jury. In order to fulfill this obligation, the court must see to it that disputes concerning the scope of the patent claims are fully resolved.") (citation omitted). However, this prior

4

misstatement regarding the role of the jury does not change the fact that KC has failed to demonstrate at the summary judgment stage that Suzuki does not anticipate the Rajala Patents.

KC also notes that should the court–as we will here–deny its motion for reconsideration of the anticipation issue, it will present evidence at trial regarding other Rajala claim limitations missing from Suzuki to establish that Suzuki does not anticipate the Rajala Patents. (Doc. 835 at p. 7). We will weigh all of the evidence regarding the separate elastics limitation and these other limitations at trial, mindful of our obligation to fully resolve disputes regarding the scope of the patent claims. Reconsideration of our prior memorandum, however, is not warranted on these grounds.

### B. Obviousness

KC also asserts that the court erred in relying on the opinion of FQ's expert witness, Mr. Gardner, in finding a genuine issue of material fact with respect to obviousness. Specifically, KC contends that Mr. Gardner's opinion–that it would have been obvious to someone of ordinary skill in the art to modify Suzuki by cutting elastics to create separate crotch and leg elastics–is insufficient as a matter of law because it lacks any "articulated reasoning" or "factual underpinnings." (Doc. 835 at 8).

Despite KC's contrary contention, we find that Mr. Gardner's opinion regarding the cutting of elastics is supported by the requisite "articulated reasoning with some rational underpinning" necessary to support an opinion on obviousness. *See In re Kahn*, 441 F.3d 977, 988 (Fed. Cir. 2006) ("Rejections on obviousness grounds cannot be sustained by mere conclusory statements; instead, there must be some articulated reasoning with some rational underpinning to support the legal conclusion of

5

obviousness."). As we noted in our prior memorandum, Mr. Gardner opined that someone of ordinary skill in the art could be motivated to modify Suzuki in this manner "depending on the raw materials or manufacturing process the person had to work with." (Doc. 833 at 8). Additionally, throughout the deposition transcript submitted by KC in support of its summary judgment motion (Doc. 830-1), Mr. Gardner provides further elaboration on this point, explains the purpose of elastics in the industry, discusses the benefits of continuous versus separate elastics, and identifies the manufacturing processes involved.

Because we conclude that Mr. Gardner's expert opinion does not lack the requisite reasoning and factual underpinnings, we will deny KC's request to reconsider our prior decision on obviousness.

*IV.*     *Conclusion*

For the reasons discussed above, we conclude that KC's motion for reconsideration should be denied. We will issue an appropriate order.

      /s/ William W. Caldwell
      William W. Caldwell
      United States District Judge

October 7, 2013