IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIMBERLY-CLARK WORLDWIDE, INC., :
    Plaintiff
: CIVIL NO. 1:09-CV-1685
    v.
:
FIRST QUALITY BABY PRODUCTS, LLC,
FIRST QUALITY PRODUCTS, INC., :
FIRST QUALITY RETAIL SERVICES, LLC,
FIRST QUALITY HYGIENIC, INC., :
    Defendants and
    Counterclaim Plaintiffs :

    v. :

KIMBERLY-CLARK CORPORATION, :
KIMBERLY-CLARK WORLDWIDE, INC.,
KIMBERLY-CLARK GLOBAL SALES, LLC, :
    Counterclaim Defendants

*M E M O R A N D U M*

*I.*     *Introduction*

Presently before the court is a motion *in limine* (Doc. 891) filed by Plaintiff Kimberly-Clark Worldwide, Inc. ("KC") on October 11, 2013. In the motion, KC requests that the court preclude Daniel Gardner, a purported technical expert for Defendants First Quality Baby Products, LLC, First Quality Products, Inc., First Quality Retail Services, LLC, and First Quality Hygienic, Inc. (collectively, "FQ"), from testifying at trial regarding a "belatedly offered" and "new" opinion on the validity of certain patents at issue in this infringement action. Specifically, KC contends that the court should preclude Mr. Gardner–pursuant to Federal Rule of Civil Procedure 37(c)(1)–from testifying about his "second" obviousness opinion because it was not disclosed to KC in a timely fashion. (Doc. 891 at 2-3).

FQ opposes the motion. The matter has been fully briefed (Docs. 892, 962, 1010) and is ripe for our review. For the reasons that follow, we will deny KC's motion.

II.         Legal Standard

Federal Rule of Civil Procedure 26(a)(2) requires a party to disclose its expert witnesses, their opinions, and the facts upon which the opinions are based "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Pursuant to Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e)," the court may sanction that party, typically by prohibiting it from relying on the undisclosed information or witness, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

In deciding whether this sanction is warranted, we consider the following factors:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977), overruled on other grounds by *Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985). The "importance of the excluded testimony" should also be considered. *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d. Cir. 1997) (quoting *Meyers*, 559 F.2d at 904).

*III.      Discussion*

This litigation concerns patents relating to disposable absorbent products, such as diapers and incontinence products. The patents-in-suit cover a variety of the components or features of these products, including the configuration of internal elastics for protection against leakage.

Mr. Gardner, a purported technical expert retained by FQ, authored a report challenging the validity of four of KC's patents at issue in this litigation (U.S. Patent Nos. 5,749,922; 6,098,203; 6,260,211; and 7,000,260) (collectively, the "Rajala Patents"). In the June 15, 2012 report, Mr. Gardner opined that European Patent Application No. 0626161A1 to Suzuki *et al.* ("Suzuki") invalidates the Rajala Patents under theories of anticipation and obviousness.[1]

KC deposed Mr. Gardner in May of 2013, and subsequently cited portions of his deposition testimony in support of its motion for summary judgment on the issue of the validity of the Rajala Patents. (Doc. 810). FQ opposed the motion and filed a supplemental declaration of Mr. Gardner on July 22, 2013 (Doc. 826) to clarify the deposition testimony of Mr. Gardner that FQ contended was mischaracterized in KC's filings. By memorandum dated August 12, 2013 (Doc. 833), the court denied KC's motion

---

[1] As the court previously explained (Docs. 833 at 3-4; 862 at 3), "anticipation" and "obviousness" are terms of art. In order to establish anticipation, the party challenging the validity of the patent must prove that every claim limitation is found in a single prior art reference, either expressly or inherently. *Transclean Corp. v. Bridgewood Servs., Inc.*, 290 F.3d 1364, 1370 (Fed. Cir. 2002). To determine whether a patent is invalid for obviousness, one must examine whether "the difference between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious . . . to a person having ordinary skill in the art[.]" 35 U.S.C. § 103.

after finding genuine factual disputes regarding both anticipation and obviousness, and, therefore, the validity of the Rajala Patents. KC moved for reconsideration of the summary judgment decision, and the court denied KC's request by memorandum dated October 7, 2013. (Doc. 862).

In the instant motion, KC seeks to exclude a "new" opinion offered by Mr. Gardner in his July 22, 2013 declaration, claiming that it was not included in his original June 2012 expert report. Specifically, KC argues that his original report contained one opinion on obviousness, which KC characterizes as follows: "it would have been obvious to *cut* two elastics in the Suzuki reference to have separate leg and crotch elastics." (Doc. 891 at 2) (emphasis added).[2] KC contends that the declaration contains a new opinion on obviousness, which KC characterizes this way: "it would have been obvious to *replace* two leg elastics disclosed in Suzuki with four total elastics, two leg elastics and two crotch elastics." (*Id.*) (emphasis added).[3] FQ, in turn, contends that Mr. Gardner

---

[2] KC did not provide a complete copy of the Mr. Gardner's expert report in support of its motion. The excerpts KC did provide indicate that Mr. Gardner opined that if KC asserts that the Rajala Patents require the second and third elastics to be "separate elastic members," it would have been obvious to sever two elastic members in the crotch region of the Suzuki reference to create separate leg and crotch elastics. (Doc. 892-1 at 7-8).

[3] KC cites to two paragraphs of Mr. Gardner's declaration as the source of this "new" opinion. The language of KC's characterization is not contained in those paragraphs. Instead, Mr. Gardner's declaration states:

> I indicated during my deposition that I would not necessarily cut the elastic of Suzuki since that elastic already provided a continuous seal. However, if the manufacturing process was such that the seal could not readily be made without using a separate elastic, it would be obvious to use a separate elastic. In other words, Suzuki shows an elastic configuration that provides a continuous seal around the leg and crotch regions. I explained that a continuous seal would be the

4

simply explained his original opinion during the course of his deposition and subsequent declaration, and that he did not offer any "new" opinion. (Doc. 962 at 6-7).

Upon consideration of the foregoing, the court concludes that KC has failed to demonstrate that Mr. Gardner belatedly offered a "new" expert opinion that was not previously disclosed. A review of the record as submitted by KC demonstrates that Mr. Gardner originally opined that it would have been obvious to a person skilled in the art to utilize separate crotch and leg elastics in the manner claimed in the Rajala Patents. When subsequently deposed on the issue, Mr. Gardner reiterated this position and emphasized that if the manufacturing process permitted, using separate elastics would be preferred (for improved leakage protection) to cutting existing elastics into separate elastics. In short, Mr. Gardner expounded on his opinion when expressly questioned about it, but did not belatedly proffer any new opinion.

Under these circumstances, the court does not find the sort of prejudice to KC nor bad faith from FQ which would warrant excluding Mr. Gardner's proposed testimony under Rule 37(c)(1). *See Meyers*, 559 F.2d at 904. Accordingly, we will deny KC's motion requesting such exclusion.

---

> "preferred design." However, as I noted above, if one's manufacturing process was such that there was a benefit to using a separate piece of crotch elastic to form a continuous seal around the leg openings, a person of skill in the art would do that.

(Doc. 826 at 5-6) (internal citations omitted).

5

*IV.	Conclusion*

       For the reasons discussed above, we conclude that KC's motion *in limine* (Doc. 891) should be denied. We will issue an appropriate order.

         <u>/s/ William W. Caldwell</u>
         William W. Caldwell
         United States District Judge

December 9, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIMBERLY-CLARK WORLDWIDE, INC., :
    Plaintiff
: CIVIL NO. 1:09-CV-1685
    v.
:
FIRST QUALITY BABY PRODUCTS, LLC,
FIRST QUALITY PRODUCTS, INC., :
FIRST QUALITY RETAIL SERVICES, LLC,
FIRST QUALITY HYGIENIC, INC., :
    Defendants and
    Counterclaim Plaintiffs :

    v. :

KIMBERLY-CLARK CORPORATION, :
KIMBERLY-CLARK WORLDWIDE, INC.,
KIMBERLY-CLARK GLOBAL SALES, LLC, :
    Counterclaim Defendants

*O R D E R*

AND NOW, this 9th day of December, 2013, upon consideration of KC's motion *in limine* (Doc. 891), and pursuant to the accompanying memorandum, it is ORDERED that said motion is DENIED.

        /s/ William W. Caldwell
        William W. Caldwell
        United States District Judge